[Civ. No. 20015.   First Dist., Div. Three.   June 22, 1962.]

HUBER TOOL WORKS, INC.. Plaintiff and Respondent, v. MARCHANT CALCULATORS, INC., Defendant and Appellant.

Price, Macdonald & Knox and Calvin T. Goforth for Defendant and Appellant.

Glickfeld & Goldstein and Hyman L. Goldstein for Plaintiff and Respondent.

SALSMAN, J.—Plaintiff obtained a judgment against the defendant for a balance due on a contract and defendant appeals.

In 1958, the defendant was developing a new invoicing machine. There was some urgency involved in its completion and defendant asked various suppliers, among them plaintiff, to inspect drawings and blueprints and to make and manufacture only such parts as each of the suppliers could deliver within a deadline date fixed on each drawing. Nothing was said by either plaintiff or defendant concerning the price to be paid for the parts to be manufactured. By agreement plaintiff took a number of blueprints and began the manufacture of parts for defendant's machine. As work was completed, plaintiff would ship the completed parts to defendant

and then submit an invoice to defendant on a "time and materials" basis. Defendant paid five such invoices, but did not pay the remainder as submitted, because in defendant's judgment the prices charged were unreasonable. Defendant did not notify plaintiff to stop work, however, but rather accepted and used all parts manufactured and shipped by plaintiff. The trial court entered its judgment in favor of plaintiff for the full amount of plaintiff's demand.

Defendant complains on this appeal of the trial court's failure to grant a motion for a nonsuit. The rules relating to nonsuits are well known and have often been defined in the case law of this State. ██ A typical example is the case of *Raber* v. *Tumin,* 36 Cal.2d 654, 656 [226 P.2d 574], where it is said: "The granting of a motion for nonsuit is warranted '. . . when, and only when, disregarding conflicting evidence, and giving plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff.' " (See also *Card* v. *Boms,* 210 Cal. 200 [291 P. 190] ; *Estate of Lances,* 216 Cal. 397 [14 P.2d 768] ; 2 Witkin, Cal. Procedure, § 126, p. 1858.) ██ Moreover, when the motion for a nonsuit is made and denied and the defendant then proceeds with his case, if the judgment thereafter entered is supported by substantial evidence, regardless of which party produced the evidence, the order denying the motion for a nonsuit will not be disturbed on appeal. (See *Handley* v. *Capital Co.,* 152 Cal. App.2d 758, 764-765 [313 P.2d 918] ; *Lowe* v. *San Francisco etc. Ry. Co.,* 154 Cal. 573-576 [98 P. 678].) Here defendant does not seriously contend that plaintiff is not entitled to some payment for the parts manufactured for and accepted and used by defendant. Defendant's real contention is that the trial court allowed more than the reasonable value of the materials and parts supplied. ██ The evidence before the trial court showed that plaintiff was entitled to some recovery and hence the denial of defendant's motion for a nonsuit was entirely proper.

██ Plaintiff began its work of production immediately upon receipt by it of the drawings and blueprints for the various parts of defendant's machine. Thereafter from time to time defendant issued its purchase orders directing certain parts to be manufactured and noting the quantity to be

shipped but making no reference to price. It is of significance that some of the purchase orders were written and forwarded to plaintiff long after plaintiff had completed the manufacture and shipment to defendant of the parts referred to in the purchase order. This is significant because defendant's purchase order, on the reverse side thereof, contains this language: "If prices are omitted, the material shall be billed at the prices last quoted to or paid by Marchant or prevailing market prices, whichever are lower." Defendant contends that the purchase orders actually constituted the contract between the parties and established the method of determining the price to be paid by defendant for the parts manufactured by plaintiff. However, when the parties entered into their agreement it was purely oral, and when plaintiff took defendant's drawings and blueprints preparatory to beginning the work of production, no reference was made to purchase orders, or to any terms such purchase orders might contain if issued by defendant. The contract was thus oral and not written as contended for by defendant. One of plaintiff's witnesses, to whom defendant gave the oral order to do the work, testified: "The purchase order is just a confirmation of the verbal order I received, and as you know a great deal of the business was finished before I even saw the purchase orders." Defendant objected to evidence of this character on the ground that it violated the parol evidence rule. This objection is not valid because the agreement between the parties was oral, not written, and the parol evidence rule could not apply where the parties did not intend the written purchase orders to be their contract. A similar situation was presented in the case of *Grimes* v. *Nicholson*, 71 Cal.App.2d 538, 541, 542 [162 P.2d 934], where the court said: "Appellant contends that the purchase orders constituted a contract in writing between the parties, and that the evidence concerning a minimum amount for overhead and profit was inadmissible in that it was an attempt to vary the terms of a written contract by oral evidence. This contention is without merit. The contract was oral and was entered into prior to the issuance of any of the purchase orders. The latter were merely directives from appellant to respondent stating the places and character of the work to be performed under the contract previously made."

The plaintiff's theory of the case as expressed in its complaint was that defendant was obliged to pay plaintiff on a

"time and materials" basis for services performed and parts manufactured, based upon the then going rate of pay in the tool and die industry. Defendant's defense was based upon the proposition that since the contract between the parties did not specify any price, defendant was bound to pay only a "reasonable" price as stated in its purchase orders, and that plaintiff's charges were unreasonable. The trial court admitted evidence of the custom and usage in the tool and die business, and at the conclusion of the trial, found as a fact: "4. By custom and usage of the manufacturing and tool trade this was a time material contract and was so known to Marchant Calculators, Inc., as one obligating defendant Marchant Calculators, Inc., to pay for all tools and parts manufactured and delivered by Huber Tool Works, Inc., on a time material basis, at the prices invoiced; Marchant Calculators, Inc. having the right under the contract to order work stopped at any time, terminating at that point any further obligation under the contract. That in the absence of fraud the invoice prices indicating time and materials and hourly rates for the same would be determinative of such prices." Defendant earnestly argues that this finding is not supported by the evidence. An examination of the record, however, discloses that three of plaintiff's witnesses testified to the existence of this custom and usage; one of defendant's witnesses indicated knowledge of the custom and usage and none of defendant's witnesses denied its existence. Thus the trial court's finding that such a custom and usage existed and that under a "time and materials" contract, with no price specified, the purchaser, in the absence of fraud is bound to pay at the prices invoiced by the seller, with the buyer having the right to cancel the agreement and stop work at any time, finds ample support in the evidence. Further, it has often been held that resort may be had to custom and usage to explain a contract so that price may be determined where no price is specified. (See *Iusi* v. *Chase,* 169 Cal.App.2d 83, 87 [337 P.2d 79]; *California Lettuce Growers* v. *Union Sugar Co.,* 45 Cal.2d 474-482 [289 P.2d 785, 49 A.L.R.2d 496]; *Hind* v. *Oriental Products Co., Inc.,* 195 Cal. 655, 667 [235 P. 438]; *Store of Happiness* v. *Carmona & Allen,* 152 Cal.App.2d 266, 270-271 [312 P.2d 1104].)

In Finding No. 7, the trial court found: "That the hours required to perform the contract as invoiced to defendant by the plaintiff were not excessive or unreasonable under

the circumstances of the transaction." Defendant contends there is no evidence to support this finding. Defendant produced a number of witnesses, all of them engaged in the tool and die industry, and each testified that in his shop he could have accomplished the work done by plaintiff in a shorter time and at less cost. Their estimates were not uniform, however, and varied substantially from each other. At least one testified in effect that if the work had to be done to meet a deadline it would substantially increase the cost. On the other hand, two of plaintiff's witnesses testified that the job was done by plaintiff in the most efficient and cheapest way possible, keeping in mind the deadline delivery dates fixed by the defendant. All that can be said here is that the evidence was conflicting and the trial court resolved the conflict in favor of the plaintiff. It is elementary that such a finding will not be set aside on appeal. (See *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367 [210 P.2d 757]; *Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777 [163 P.2d 756]; 3 Witkin, Cal. Procedure, § 84, pp. 2245-2246.)

The defendant's final point is that the trial court erred in denying its motion for a new trial. We review the court's ruling on that motion in accordance with settled rules where, as here, the appeal is from the judgment. (*Hamasaki* v. *Flotho*, 39 Cal.2d 602, 608 [248 P.2d 910]; *City of Los Angeles* v. *Glassell*, 203 Cal. 44, 46 [262 P. 1084]; *Litvinuk* v. *Litvinuk*, 27 Cal.2d 38-42 [162 P.2d 8].) Judgment was entered January 5, 1961, and notice of entry of judgment was mailed to defendant's attorneys on January 9, 1961. Defendant's notice of intention to move for a new trial was filed February 2, 1961.

Code of Civil Procedure section 659, as amended in 1959, provides in part that a notice of intention to move for a new trial must be filed within ten days "after service" upon the moving party of a written notice of entry of judgment, or within 30 days after entry of judgment, whichever is earlier. Prior to its amendment, section 659 provided in part that the notice of intention to move for a new trial must be filed within 10 days "after receiving" written notice of entry of judgment. Thus, prior to its amendment, the 10-day period specified in the statute did not begin to run until the written notice of entry of judgment was actually received. (*Labarthe* v. *McRae*, 35 Cal.App.2d 734, 737 [97 P.2d 251]; *Caldwell* v. *Geldreich*, 137 Cal.App.2d 78, 81 [289 P.2d 832].) After the 1959 amend-

ment to section 659, the 10-day period therein referred to begins to run ''after service'' of the written notice of entry of judgment. Service of the notice may be made by mail pursuant to Code of Civil Procedure sections 1012 and 1013, and service is complete at the time of the deposit of the notice in the post office of the sender in a sealed envelope, with proper postage attached, addressed to the person upon whom the notice is served. (*Traders Credit Corp.* v. *Superior Court,* 111 Cal.App. 663, 666 [296 P. 99]; *Gill* v. *Southern Pac. Co.,* 174 Cal. 84 [161 P. 1153]; see also 34 State Bar J., pp. 640-643; 3 Witkin, Cal. Procedure (1961 Supp.) § 25 (3), p. 83.) Here, the notice of entry of judgment was served by mail upon defendant on January 9, 1961, and notice of intention to move for a new trial was not filed until February 2, 1961, 24 days after service and 14 days after the expiration of the 10-day period referred to in Code of Civil Procedure section 659. Thus, there can be no question but that the notice of intention to move for a new trial was not timely filed. When service is properly made by mail pursuant to Code of Civil Procedure section 1013, the risk of failure of the mail is on the addressee and the addressee cannot be heard to plead, as defendant does here, that the notice was not received. (*McKeon* v. *Sambrano,* 200 Cal. 739 [255 P. 178]; *Caldwell* v. *Geldreich, supra,* 137 Cal.App.2d 78.)

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.