[L. A. No. 29492.   In Bank.   Jan. 23, 1968.]

MINNA SIEGAL, as Special Administratrix, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; TOMASINA JAMISON PROVAS, a Minor, etc., Real Party in Interest.

G. V. Weikert and Oscar Z. Wiseman for Petitioner.

No appearance for Respondent.

Jerome Weber and Bertram S. Harris for Real Party in Interest.

MOSK, J.—This cause was transferred to this court after decision by the Court of Appeal, Second Appellate District, Division Three. After a thorough examination of the issue presented in the light of our holdings in analogous decisions and the declared intent of the California Law Revision Commission in proposing the governing statutory language, we have concluded that the opinion of the Court of Appeal prepared by Mr. Justice pro tempore McCoy (*Siegal* v. *Superior Court* (Cal.App.) 59 Cal.Rptr. 555) correctly disposes of the matter, and it is therefore adopted as and for the opinion of this court. The opinion follows:

This is a petition for a writ of mandate to require respondent court to set aside and vacate its order setting for trial a civil action which purports to be pending therein.

A trial was had in said court of the action of Tomasina Jamison Provas, a Minor, by Jerome Weber as Guardian ad Litem, Plaintiff, vs. Minna Siegal, as Special Administratrix, etc., Defendant, resulting in a judgment in favor of the defendant. Judgment was entered on November 16, 1965, and on November 18, 1965, notice of entry thereof was given by the clerk of the court. Plaintiff regularly and within due time moved for a new trial. This motion was argued and submitted

on January 10, 1966. On January 31, 1966, the clerk mailed a card bearing the date of January 17, 1966, notifying the parties that "On Jan. 14, 1966, the Court made the following order: Plaintiff's motion for new trial is granted. Refer to the minute order which sets forth the reasons for the Court's ruling." No minute order was in fact made that day. A minute order dated February 1, 1966, was entered on February 3, 1966, and reads as follows: "It appearing to the court that, through inadvertence, the minutes for department NE 'B' do not truly reflect the order of the Court for January 14, 1966, in that no minute order was made on that date in the above entitled action; the Court now orders its minute order for department NE 'B' made and entered *nunc pro tunc* as of January 14, 1966 in the above entitled action to read as follows: 'Plaintiff's motion for new trial having been heretofore submitted to the Court for Decision on January 10, 1966, the court now renders its decision and order thereon as follows: "Motion for new trial is granted." ' " The order then states the grounds and the court's reasons for granting the new trial.

Thereafter, defendant refused to sign a Memorandum for Setting Contested Action and Certificate of Readiness as requested by plaintiff, asserting that the *nunc pro tunc* order granting a new trial was void and a nullity. Under date of February 23, 1967, plaintiff filed a memorandum for setting and on March 9, 1967, the clerk issued and served Notice of Assignment of Trial Date, setting the action for trial on May 26, 1967. Defendant moved for an order vacating and setting aside said trial setting upon the ground that said action is no longer pending, judgment therein having become final. This motion was denied, and by the within petition defendant seeks to prevent the new trial proceedings.

Section 660 of the Code of Civil Procedure provides in pertinent part as follows: "Except as otherwise provided in Section 12a of this code, the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. A motion for a new trial is not determined

within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed. The minute entry shall in all cases show the date on which the order actually is entered in the permanent minutes, but failure to comply with this direction shall not impair the validity or effectiveness of the order.'' The last three sentences of this section were added by 1959 amendment. (Stats. 1959, ch. 468, p. 2403, § 1.)

The time within which the court had jurisdiction in this case to grant the motion for new trial expired on January 17, 1966. It is apparent that respondent court was of the belief, and it is the contention of real party in interest herein, that a new trial was actually granted on January 14, 1966; that through clerical inadvertence the order was not entered in the minutes on that date, and that the order of February 3 simply serves as a *nunc pro tunc* order to correct the record to conform to the actual facts. The error in this position is the initial assumption that a new trial was in fact granted on January 14.

In 1957 a study by the California Law Revision Commission disclosed variance and confusion in the decisions as to what act must be done by a judge to make an effective ruling within the 60 days in which he has jurisdiction to act under section 660.[1] In order to eliminate the uncertainty, it was recommended that a statute be enacted specifying precisely what must be done within said 60-day period to have an effective ruling on a motion for new trial and to prevent denial of the motion by operation of law. The commission deemed it important for parties, judges, counsel and court clerks that the law on this matter be perfectly clear.[2] Accordingly, section 660 was amended in 1959, as above indicated, without change from the recommendation of the Commission, to specifically set forth the steps which must be taken *within* the 60-day period in order effectively *to determine* a motion for new

---

[1]All references are to the Code of Civil Procedure unless otherwise specified.

[2]See, *Recommendation and Study Relating to the Effective Date of an Order Ruling on a Motion for New Trial,* 1 Cal. Law Revision Com. Rep. at K-9, K-19, et seq.

trial. These provisions are unambiguous and clearly state that there is no effective determination of the motion until the actual entry of an order in the permanent minutes, or the signing and filing of a written order, i.e., a definitive, recorded act within the 60-day period.

In the instant case, neither of the required acts was performed within the statutory period. The ruling of the court made on January 14 was ineffective for any purpose until entered in the minutes, and such entry was not made until February 1. The motion was therefore, on January 17, denied by operation of law. This result cannot be avoided by the entry of a *nunc pro tunc* order purporting to grant the new trial after the court has lost jurisdiction.

"The rule is well settled in this state that every court of record has the inherent power to correct its records so that they shall conform to the facts and speak the truth, and likewise correct any error or defect occurring in a record through acts of omission or commission of the clerk in entering of record the judgments or orders of the court, and such correction may be made at any time by the court on its own motion, . . . [Citations.]

"It is equally well established that the court in the exercise of this power is not authorized to do more than to make its records conform to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never, in fact, given. . . . [Citations.]" (*Haynes* v. *Los Angeles R.R. Corp.,* 80 Cal.App. 776, 780 [252 P. 1072].)

It is not the function of a *nunc pro tunc* order "to make an order now for then, but to enter now for then an order previously made." (See, *Smith* v. *Smith,* 115 Cal.App. 2d 92, 99 [251 P.2d 720].)

The time limits of section 660 are mandatory and jurisdictional, and an order made after the 60-day period purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void. (*Hinrichs* v. *Maloney,* 169 Cal.App.2d 544, 546 [337 P.2d 471]; *Kocher* v. *Fidelity & Deposit Co.,* 137 Cal.App. 474, 476 [30 P.2d 535]; 36 Cal.Jur. 2d, New Trial, § 159, p. 367.) "Since the rule prescribes a limit which is jurisdictional in nature, relief from this form of error may not be granted by the trial court either under the provisions of section 473 of the Code of Civil Procedure or

by means of a *nunc pro tunc* order. [Citations.]" (*Estate of Shepard*, 221 Cal.App.2d 70, 74 [34 Cal.Rptr. 212].) In *People* v. *Black*, 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915], the court states this rule: "If a statutory period within which a court might act is jurisdictional, it is manifest that the statute should not be defeated by the simple device of a *nunc pro tunc* order." (See also, *Kraft* v. *Lampton*, 13 Cal. App.2d 596, 599 [57 P.2d 171].)

Analogous to the instant situation are cases involving section 657 of the Code of Civil Procedure which provided (as amended in 1939, and prior to the 1965 amendments thereto): "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground. . . ." It was held in *Whitley* v. *Superior Court*, 18 Cal.2d 75 [113 P.2d 449], that the Legislature "intended to make it mandatory that a written order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict or decision be filed within ten days after the motion is granted or not at all, and that this time limitation applies to *nunc pro tunc* orders as well as to original orders made pursuant to this statutory provision." (Page 82.) The court states (p. 80): "When the time within which the judicial act must be done is jurisdictional, the court cannot circumvent the clear mandate of the statute by filing an order *nunc pro tunc*. In such a circumstance, it is immaterial whether the default be that of the court or of the litigant. Analogous to the instant case is the situation discussed in *Kraft* v. *Lampton*, 13 Cal.App.2d 596 [57 P.2d 171], wherein the trial court failed to make its order granting a new trial within the sixty days allowed by the statute (Code Civ. Proc., § 660), and it was held that the court, chargeable with such jurisdictional default, cannot accomplish by an order *nunc pro tunc* what it is prohibited from doing otherwise." Although the *Whitley* case was overruled in *Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110, 117 [142 P.2d 929], insofar as it held that a minute order was insufficient, it is still good law as to the *nunc pro tunc* orders. (See, *Opp* v. *Sykes*, 194 Cal.App.2d 208, 216 [15 Cal.Rptr. 1]; *Roth* v. *Marston*, 110 Cal.App.2d 249, 254-255 [242 P.2d 375].) In *Malkasian* v. *Irwin*, 61 Cal.2d 738 [40 Cal.Rptr. 78, 394 P.2d

822], where the order entered by the clerk in the minutes failed to state that the new trial was granted on the ground of insufficiency of the evidence, and the court, within 10 days of the entry of the order, did not correct this error, it was held that the conclusive presumption of section 657 applied. At page 744, the court states: "Thus, although the intent of the trial court is clear, the written order did not specify the ground of insufficiency. . . . In many situations, a written order may be modified to correct a clerical error by a proper order *nunc pro tunc* made at any time, and that rule applies to most orders granting or denying a new trial (36 Cal.Jur. 2d, § 168, p. 381). But that rule does not apply to the failure of the order granting a new trial to specify insufficiency, even if the error of the clerk in not so specifying, was purely clerical. The provision above quoted requiring an order granting a new trial on the ground of insufficiency to specify this in writing and to be filed with the clerk within 10 days after the motion is granted qualifies the general rules applicable to the correction of clerical errors by a *nunc pro tunc* order. The statute contains, in effect, a 10-day statute of limitations within which the court may act, and after the expiration of 10 days the court has no power to correct the order *nunc pro tunc* or otherwise." (See also *Springer* v. *Asbury Transp. Co.*, 206 Cal.App.2d 250, 252 [23 Cal.Rptr. 839]; *Jordan* v. *Warnke*, 205 Cal.App.2d 621, 632 [23 Cal.Rptr. 300]; *Opp* v. *Sykes*, *supra*, 194 Cal.App.2d 208, 213-216.)

Under the above established rules, the order of respondent court in the instant case made on February 1 was in excess of the court's jurisdiction, and void. The court's statement in *Whitley* v. *Superior Court, supra,* 18 Cal.2d 75, 80, is appropriate here: "We are not here concerned with a mere error of record, but with a failure to comply with a jurisdictional requirement." Since no effective order granting a new trial was rendered within the statutory period, the motion was denied by operation of law, the judgment has become final, and respondent court is without jurisdiction to proceed with a new trial in the matter.

Let a peremptory writ of mandate issue as prayed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.