[Civ. No. 35392. Second Dist., Div. Four. Oct. 16, 1970.]

JOHN E. MESKELL, Plaintiff and Respondent, v.
CULVER CITY UNIFIED SCHOOL DISTRICT et al.,
Defendants and Appellants.

## COUNSEL

John D. Maharg, County Counsel, Allan B. McKittrick, Deputy County Counsel, Booth, Mitchel, Strange & Willian, and Owen W. Strange for Defendants and Appellants.

Shapiro & Maguire, Grant & Popovich, and Irvin Grant for Plaintiff and Respondent.

## OPINION

FRAMPTON, J.*—

### Statement of the Case

Plaintiff, as prime contractor on the project, brought an action to recover damages against defendant Culver City Unified School District (hereinafter District) and defendant Flewelling & Moody (hereinafter Flewelling), the architect retained by the District, caused principally by an alleged misrepresentation in the plans and specifications as to the weight of certain

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

concrete roof segments which failed during the course of construction of a school auditorium for the District, and an alleged change in the specifications requiring a more expensive method of repairing voids in the concrete roof segments.

The cause was tried before a jury which returned a verdict in favor of plaintiff and against both defendants in the sum of $47,545.75 and against defendant District in the further sum of $3,718. A motion for a new trial was made on behalf of, and was granted as to each defendant. Thereafter plaintiff moved to strike the order granting the new trials, and this motion was granted upon the ground that the court had lost jurisdiction to grant the new trials. The appeals are from the order granting the motion to strike the order granting the new trials.

### Statement of Facts

Judgment on the verdict was entered on February 6, 1969. On February 7, 1969, plaintiff filed and served, by mail, notice of entry of judgment. On February 10, 1969, the clerk filed and served notice of entry of judgment. In the declaration of Owen W. Strange, one of counsel for defendant Flewelling, filed in opposition to plaintiff's motion to strike, it is asserted that while he received the clerk's notice of entry of judgment on February 11, 1969, neither he nor his office received any other such notice.

Defendant Flewelling filed a motion for a new trial on February 14, 1969. Defendant District filed its motion for a new trial on February 20, 1969. Such motions were set for hearing, and were heard on March 21, 1969. On April 9, 1969, 61 days after plaintiff served, by mail, notice of entry of judgment, the court made an order granting the motion for a new trial. Such order, however, was not signed by the judge and filed with the clerk, but was stamped "Entered April 11, 1969," indicating the date of its entry in the permanent minutes of the court 63 days after service, by mail, of notice of entry of judgment.[1] On May 12, 1969, plaintiff filed a motion to strike the order granting the new trials and for issuance of a writ of execution on the ground that the motions for a new trial had been denied

---

[1] All parties have adopted the date of April 9, 1969, as the date of entry of the order granting the motion. The courtroom clerk's minute order bears date April 9, 1969. The register of actions shows an entry thereon under date of April 9, 1969, reflecting that the motion for new trial was granted. The copy of the courtroom clerk's minute order, other than the one appearing in the clerk's transcript, bears the stamp "Entered April 11, 1969." We are of the opinion that under the holding in *Desherow* v. *Rhodes,* 1 Cal.App.3d 733 [82 Cal.Rptr. 138], the foregoing record is sufficient to show that the motion for a new trial was determined on April 9, 1969, when the necessary procedure for the entry of the courtroom minutes onto the permanent minutes had been properly set in motion.

by operation of law on April 8, 1969. Plaintiff's motion was heard on May 23, 1969, and was granted on June 2, 1969.

The hearing on the motions for a new trial was not reported. The hearing upon plaintiff's motion to strike the new trial order was reported and the transcript of such proceeding is before us as part of the record on the appeals. The version of both defendants as to what happened at the hearing on the motions for a new trial held on March 21, 1969, as reflected in the reporter's transcript of the proceedings bearing on plaintiff's motion to strike, heard on May 23, 1969, is substantially the same. It is as follows: The court inquired of counsel and the clerk as to the last day upon which it could rule upon the motions and was informed that April 9, 1969, was the last day; apparently at the time of the hearing, plaintiff's notice of entry of judgment, although filed, had not yet been entered in the registry of actions; thus, when the court sought information from counsel and the clerk as to the day it should set for its ruling, the court was informed that April 9, 1969, was the proper date; this date was selected by the clerk and appellant's (Flewelling's) counsel upon the basis of the information in the file which did not reflect the notice of entry of judgment having been filed by plaintiff; counsel for plaintiff was present when the court asked for the date upon which it should rule, but remained silent.

Plaintiff's version of what occurred at the March 21 hearing on the motions for a new trial is that the record of the proceedings of May 23, does not identify the person or persons who informed the court that April 9, 1969, was the proper date upon which the court should rule upon the motions; that plaintiff's counsel denied that the court had made inquiry of him as to the last day upon which the court could rule on the motions, and that he did not recall that the date of April 9 was mentioned as being the last day upon which the court could rule on the motions. Plaintiff also urges that there is nothing in the record to show that plaintiff's notice of entry of judgment was not in the file at the time of the hearing on the motions for a new trial.

The clerk's transcript shows that plaintiff's notice of entry of judgment was filed and served on February 7, 1969.

### Contentions on the Appeals

Flewelling urges that (1) plaintiff did not rebut the presumption that the court ruled within the 60-day period which arises from the date on the minute entry; (2) section 1013 of the Code of Civil Procedure is effective to extend the time in which the court can rule on a motion for new trial by two days and (3) the court should hold, to negate the inequitable situation of this case, that the 60-day period provided by section 660 of the Code

of Civil Procedure began running from the date notice of entry of judgment was given by the clerk.

The District urges that (1) where service by mail of the notice of entry of judgment is had, the time within which the trial judge may rule upon a motion for a new trial is extended two days under the provisions of section 1013 of the Code of Civil Procedure, and (2) plaintiff waived his right to rely on the notice of entry of judgment mailed on February 7, 1969, to commence the period for ruling on the motion for a new trial.

### Rebuttal of Presumption That Court Ruled Within 60-Day Period

Flewelling's contention that it is presumed that the trial court determined the motion for a new trial within the 60-day period provided by section 660 of the Code of Civil Procedure is predicated upon the claim that the rough minutes of the clerk of the judge who heard the motions, kept by the clerk in the courtroom for his convenience, disclose that the court ruled on the motions on April 8, 1969. This document is not before us. The only evidence of its existence is contained in the declaration of Owen W. Strange, one of counsel for Flewelling, in opposition to plaintiff's motion to strike the order granting the new trial. It is stated in the declaration that such minute order bears a stamped date in the lower right hand corner thereof of April 8, 1969. Defendant Flewelling argues from this circumstance that it must be presumed that the clerk properly performed his official duty in preparing his rough minutes (Evid. Code, § 664), and that the date of April 8, 1969, must be accepted as the date upon which the court determined the motion, in the absence of evidence sufficient to rebut such presumption.

■ The rough minutes kept by the clerk of the court are not an official record, but are a mere memorandum kept by him for his own convenience, and the permanent minutes constitute the only official record of the actions of the court. ■ Such permanent minutes import absolute verity unless and until amended. ■ Since the rough minutes are not an official record there is no presumption of correctness in their favor and without other supporting evidence they cannot be used to impeach the correctness of the official record of the court. (*Wyman* v. *Municipal Court,* 102 Cal.App.2d 738, 740 [228 P.2d 89, 229 P.2d 491].) ■ If it is claimed here that the permanent minutes of the trial court do not speak the truth as to the date upon which the trial court ruled on the motions for a new trial, then it was the duty of defendant Flewelling to remedy this by a motion in that court. (*Shellhaas* v. *Petrolane, Ltd.,* 98 Cal.App.2d 171, 174 [219 P.2d 797].) ■ Furthermore, the motion for a new trial must be determined within 60 days after service of notice of entry of the judgment. Such motion

is not determined until the order ruling on the motion is entered on the permanent minutes of the court or is signed by the judge and filed with the clerk. It is not claimed, nor is it shown that the rough minutes of the clerk, referred to in defendant Flewelling's brief, bearing date of April 8, 1969, were signed by the trial judge and filed with the clerk or were entered in the permanent minutes of the court as is required by the provisions of section 660, Code of Civil Procedure. ■ In these circumstances, the rough minutes of the clerk, claimed by Flewelling to contain the order of the court made on April 8, 1969, ruling on the motions for a new trial were ineffective as a determination of the motions. (Code Civ. Proc., § 660; *Siegal* v. *Superior Court,* 68 Cal.2d 97, 100-101 [65 Cal.Rptr. 311, 436 P.2d 311].) Here, the permanent minutes of the court disclose that the order granting the motions for a new trial was made on April 9, 1969, and proper procedures had been commenced by the clerk to enter the order on the permanent minutes. ■ The date upon which the order was entered upon the permanent minutes fixed the time that the motions were determined. That date is 61 days after service of notice of entry of judgment. In this state of the record the motions for a new trial were denied by operation of law on April 8, 1969, 60 days after service of notice of entry of judgment, and the trial court lost jurisdiction to thereafter rule upon said motions. The order, therefore, made on April 9, 1969, granting the new trial, was made in excess of the jurisdiction of the court, was a nullity (*Siegal* v. *Superior Court,* 68 Cal.2d 97, 101-102 [65 Cal.Rptr. 311, 436 P.2d 311]; *Alberton* v. *Superior Court,* 265 Cal.App.2d 812, 814 [71 Cal.Rptr. 553]), and was properly stricken upon motion of the plaintiff. (*Myers* v. *Washington,* 211 Cal.App.2d 767, 771 [27 Cal.Rptr. 778]; *Roberts* v. *Roberts,* 241 Cal.App.2d 93, 98-99 [50 Cal.Rptr. 408].)

*Application of Section 1013, Code of Civil Procedure to Extend*
*60-Day Period Under Section 660, Code of Civil Procedure*

■ Both defendants urge that section 1013 of the Code of Civil Procedure[2] is effective to extend the time in which the court can rule on a motion for a new trial by two days. They argue that because they had the

---

[2]Section 1013, Code of Civil Procedure, provides in pertinent part that: "In case of service by mail [here, the service of notice of entry of judgment] . . . The service is complete at the time of the deposit, but if, within a given number of days after service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended two days, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, if served by different post offices, but such extension shall not exceed 30 days in all nor shall it apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal."

right to petition for a writ of mandate to compel the trial court to rule on their motions for a new trial within the 60-day period provided by section 660 of the Code of Civil Procedure (cf. *Free* v. *Furr,* 140 Cal.App.2d 378, 385 [295 P.2d 134]; *Clay* v. *Lagiss,* 143 Cal.App.2d 441, 451 [299 P.2d 1025]; *Mercer* v. *Perez,* 68 Cal.2d 104, 123 [65 Cal.Rptr. 315, 436 P.2d 315]), such right was one which may be exercised or was an act to be done by the adverse party within the meaning of the language of section 1013.

■ The writ of mandate is available only where the court, because of a mistaken concept of the law or for any other reason, declines to rule on a motion for a new trial. (Cf. *People* v. *Superior Court,* 239 Cal.App.2d 99, 102 [48 Cal.Rptr. 445]; 32 Cal.Jur.2d, Mandamus, § 35, pp. 202-203.) Where, as here, the trial court did not refuse to perform its duty to pass upon the motions for a new trial, the remedy by writ of mandate to compel action was unavailable. The trial court has the discretion to delay the determination of the new trial motion to any date within the 60-day period permitted by law and the further discretion to permit the motion to be denied by operation of law by expiration of the 60-day period without a determination being made. (*Strauch* v. *Bieloh,* 16 Cal.App.2d 278, 281 [60 P.2d 582]; *Estate of Shepard,* 221 Cal.App.2d 70, 75-76 [34 Cal.Rptr. 212].)

■ Section 1013 of the Code of Civil Procedure deals solely with the extension of a party's time to act, and does not purport to extend the jurisdiction of the agency whose power to act is fixed within definite limits not dependent upon the acts of the parties. (*Harris* v. *Alcoholic Bev. etc. Appeals Board,* 223 Cal.App.2d 563, 570 [35 Cal.Rptr. 865].)

Where the precise question has been before the courts as to whether or not the provisions of section 1013 of the Code of Civil Procedure extended the 60-day period within which the court must rule upon a motion for a new trial where notice of entry of judgment was served by mail, it was held that section 1013 was not applicable to extend such period. (*Kahn* v. *Smith,* 23 Cal.2d 12, 15 [142 P.2d 13]; *Sherman* v. *Panno,* 129 Cal.App.2d 375, 378 [277 P.2d 80].) Defendants urge that the decision in *Millsap* v. *Hooper,* 34 Cal.2d 192 [208 P.2d 982], is in conflict with the decisions in *Kahn* and *Sherman,* and that *Millsap* being later in point of time should control over the previous decisions. We do not agree. The Supreme Court in *Millsap* did not have the precise question before it as to whether the provisions of section 1013 extended the 60-day period under section 660 for the court to rule on a motion for a new trial. The precise question before the court in *Millsap* was the timeliness of a notice of appeal in a case where a valid notice of intention to move for a new trial was filed and

served. We find no conflict between the decision in *Millsap* and the decisions in *Kahn* and *Sherman* which would compel a reversal of the holdings in the latter cases. ". . . [A] subsequent decision cannot, by mere implication, be held to overrule a prior case unless the principle is directly involved and the inference is clear and impelling." (20 Am.Jur.2d, Courts, § 232, p. 561.)

### *Notice of Entry of Judgment by the Clerk*

 Defendant Flewelling urges that this court should hold, in order to negate the claimed inequitable situation of this case, that the 60-day period provided by section 660 of the Code of Civil Procedure began to run from the date notice of entry of judgment was given by the clerk. To so hold would be contrary to established law.

The record is clear that plaintiff's notice of entry of judgment was filed and served on February 7, 1969. This started the running of the 60-day period. The fact that defendant Flewelling did not receive such notice, as claimed, does not toll the running of the period. Where service of a notice of entry of judgment is properly made by mail pursuant to section 1013 of the Code of Civil Procedure, the risk of failure of the mail is on the addressee, and the addressee may not be heard to say that such notice was not received. (*Huber Tool Works, Inc.* v. *Marchant Calculators, Inc.*, 204 Cal.App.2d 822, 828 [23 Cal.Rptr. 10]; *Caldwell* v. *Geldreich*, 137 Cal.App.2d 78, 81 [289 P.2d 832].)

Defendant Flewelling's assertion in its opening brief that, although plaintiff's notice of entry of judgment was filed on February 7, 1969, such document was not present in the court file as late as March 21, 1969, when the motions for a new trial were heard, and the court, therefore, in fixing the date for ruling thereon did so on a record that was incomplete, is not supported by the record.

 It is the duty of the party to be present and see that his motion for a new trial is set for hearing within the statutory period. If it has been inadvertently continued by the court to a date too late under the statute the party should move the court to advance the matter on the calendar. When he is guilty of lack of diligence in the prosecution and presentation of his motion, he cannot complain of the court's inadvertence. And when counsel for both parties consent to a continuance without considering that the extension will be beyond the time the court can act on the motion, the effect is to deprive the court of the power to act. It effectively denies the motion without further order. (36 Cal.Jur.2d, New Trial, § 159, pp. 368-369.)

*Waiver of Right to Rely on Notice of Entry of Judgment*

Defendant District urges that plaintiff waived his right to rely on his notice of entry of judgment to commence the period for ruling on the motions for a new trial. The District argues that the claimed silence of plaintiff's counsel at the hearing on the motions on March 21, 1969, when the court inquired as to the last day upon which it could rule upon the motions, and was informed by someone that it was April 9, 1969, must be held to constitute such a waiver.

The time limits set by section 660 of the Code of Civil Procedure are mandatory and jurisdictional (*Siegal* v. *Superior Court*, 68 Cal.2d 97, 101 [65 Cal.Rptr. 311, 436 P.2d 311]), and such limits may not be changed by consent, waiver, agreement or acquiescence. (*Tabor* v. *Superior Court*, 28 Cal.2d 505, 507 [170 P.2d 667]; *Fong Chuck* v. *Chin Po Foon*, 29 Cal.2d 552, 554 [176 P.2d 705].)

The order is affirmed.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied November 5, 1970, and appellants' petition for a hearing by the Supreme Court was denied December 10, 1970.