Filed 12/29/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NORA GARIBOTTI, | |
| Plaintiff and Appellant, | G048680 |
| v. | (Super. Ct. No. 30-2009-00312860) |
| BRUCE HINKLE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal and cross-appeal from a postjudgment order and revised judgment of the Superior Court of Orange County, Franz E. Miller, Judge. Reversed.

Mazur & Mazur, Janice R. Mazur and William E. Mazur, Jr., for Plaintiff and Appellant.

Law Offices of Philip A. Levy and Philip A. Levy for Defendant and Appellant.

\*          \*          \*

Nora Garibotti appeals from an order granting Bruce Hinkle's motion to vacate a default judgment and the revised judgment the trial court entered based on that order. We reverse both the order and revised judgment because the court failed to rule on Hinkle's motion within the jurisdictional time frame established by Code of Civil Procedure section 663a, subdivision (b).[1]

That statute provides a trial court's power to rule on a motion to vacate judgment expires 60 days after service of notice of entry of judgment or service of the first notice of intention to move to vacate, whichever occurs first. The statute further provides that the trial court's failure to rule within that period automatically results in a denial of the motion without further court order. In drafting section 663a, subdivision (b), the Legislature used the identical time frame and statutory language it adopted in section 660, which established the deadline for a trial court to rule on a new trial motion. California courts long have held that section 660's time frame for ruling on a new trial motion is mandatory and jurisdictional, and any order purporting to rule on a new trial motion after the period lapses is beyond the court's jurisdiction and void. Section 663a, subdivision (b)'s plain language and legislative history establish the Legislature intended the deadline for ruling on a motion to vacate judgment to have the same legal effect.

I

FACTS AND PROCEDURAL HISTORY[2]

Garibotti was comedian Joey Bishop's girlfriend for over 20 years. She lived with him in his home on Lido Island in Newport Beach for the last 10 years of his

---

[1]     All statutory references are to the Code of Civil Procedure.

[2]     We take most of the facts from the allegations of Garibotti's complaint because Hinkle's default "'confess[es]'" the material facts alleged in that pleading. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281.)

2

life.  Bishop died in October 2007, and Garibotti was one of his estate's major beneficiaries.  She continued to live in the Lido Island residence for about a year after Bishop's death, until the trustee of the Joey and Sylvia Bishop Revocable Trust (Trust) began to prepare the residence for sale.  At the time of Bishop's death, the Lido Island residence contained irreplaceable and priceless jewelry, paintings, antique furnishings, and other personal property, mementos, trophies, and memorabilia Bishop acquired over a lifetime in show business and as a member of Frank Sinatra's "Rat Pack."  Although the Trust owned many of the items, Garibotti also owned some of the personal property found in the home.

During his lifetime, Bishop had hired Hinkle to perform construction projects at the Lido Island residence based on Hinkle's claim he was a skilled and licensed contractor.  Hinkle was neither.  He often failed to appear at the job site during projects and the work he performed did not comply with the Uniform Building Code or other industry standards.  After Bishop's death, Hinkle convinced the Trust's trustee that he was Bishop's good friend and a licensed contractor who could help renovate the Lido Island residence and prepare it for sale.  The trustee hired Hinkle to pack the residence's furnishings and other contents, move those items to a storage facility, and perform construction work at the residence.  Hinkle's construction work again failed to comply with the Uniform Building Code and other industry standards.  Hinkle also stole many of the items he was supposed to move to storage, vandalized other pieces of personal property, and damaged or lost many of the items during transport and storage.

In October 2009, Garibotti sued Hinkle to recover the items he stole and also damages for his unlicensed and substandard construction work.  Her operative complaint alleged claims against Hinkle in Garibotti's individual capacity and as assignee of the Trust's trustee.[3]  Hinkle appeared and answered the complaint, but the trial court

_____

[3]     The operative complaint named Brad Herman and Lynne Beaumont as additional defendants who conspired with Hinkle to steal Bishop's and Garibotti's

3

later struck his answer as a terminating sanction for his repeated failure to appear for deposition. After several unsuccessful attempts to prove up her claims and damages, Garibotti obtained a default judgment against Hinkle in January 2013.

The judgment awarded Garibotti $310,650 for the value of the missing personal property, $52,234 for the unlicensed contractor work, $15,154.29 in prejudgment interest, $100,000 in punitive damages, and $10,410 in costs for a total judgment of $488,448.29. In March 2013, Hinkle hired a new attorney and filed a motion to vacate the judgment on numerous grounds. The trial court granted the motion in part, concluding (1) the compensatory damages awarded were excessive because the operative complaint failed to allege the amount Garibotti sought, and therefore she could not recover any more than the court's $25,000 jurisdictional minimum; (2) Garibotti could not recover punitive damages because she failed to give Hinkle notice of the amount of punitive damages she sought before taking his default; and (3) Garibotti lacked standing to recover for the unlicensed contractor work because she did not pay for the work and the assignment from the Trust's trustee did not apply to that claim. The trial court denied all other challenges Hinkle made to the judgment.

In July 2013, the court entered a revised judgment against Hinkle awarding Garibotti $25,000 in damages for the value of the missing personal property, $9,198.80 in prejudgment interest, and $10,410 in costs for a total judgment of $44,608.80. Garibotti timely appealed from the trial court's order granting Hinkle's motion and the revised judgment. Hinkle timely cross-appealed from the revised judgment to challenge the trial court's decision denying the other portions of his motion.

_____

personal property and also perform unlicensed contractor work. Herman and Beaumont are not parties to this appeal.

4

II

DISCUSSION

A.   *The Trial Court's Order Granting Hinkle's Motion and the Revised Judgment Are Void Because the Court Failed to Rule Within the Statutorily-Mandated Period*

We invited the parties to submit supplemental briefs addressing whether the trial court ruled on Hinkle's motion after the court's statutory authority to rule expired, and if so, what impact that failure had on the order granting the motion and the revised judgment.  After reviewing the supplemental briefs and conducting our own research, we conclude the trial court lacked jurisdiction to grant Hinkle's motion because it failed to do so within the statutorily-mandated time frame, and therefore the order granting the motion and the revised judgment are void.

"[S]ection 663 empowers a trial court, on motion of '[a] party . . . entitl[ed] . . . to a different judgment' from that which has been entered, to vacate its judgment and enter 'another and different judgment.'  The procedure appertains after rendition of a judgment 'based upon a decision by the court, or the special verdict of a jury . . . .' [Citation.]  It is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted." (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203; see *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575 (*Payne*).)

"[A] motion to vacate lies only where a 'different judgment' is compelled by the facts found.  [Citation.]  A motion to vacate under section 663 may only be brought when 'the trial judge draws an incorrect legal conclusion or renders an erroneous judgment upon the facts found by it to exist.'" (*Payne*, *supra*, 167 Cal.App.4th at p. 1574, italics omitted.)  "In ruling on a motion to vacate the judgment the court cannot '"in any way change any finding of fact."'" (*Glen Hill Farm, LLC v. California Horse Racing Bd.* (2010) 189 Cal.App.4th 1296, 1302.)  "The motion to vacate under

5

section 663 is speedier and less expensive than an appeal, and is distinguished from a motion for a new trial, to be used when, e.g., the evidence is insufficient to support the findings or verdict." (*Simac Design, Inc. v. Alciati* (1979) 92 Cal.App.3d 146, 153.)

Section 663a, subdivision (b), establishes the time within which a trial court must rule on a motion to vacate. Specifically, that subdivision states, "Except as otherwise provided in Section 12a, the power of the court to rule on a motion to set aside and vacate a judgment *shall expire*" (1) 60 days after the court clerk mailed notice of entry of judgment or any party served written notice of entry of judgment on the moving party, "whichever is earliest," or (2) "if that notice has not been given, then 60 days after filing of the first notice of intention to move to set aside and vacate the judgment." (§ 663a, subd. (b), italics added.) The subdivision further provides, "If that motion is not determined within the 60-day period, or within that period, as extended, the effect shall be a denial of the motion without further order of the court." (§ 663a, subd. (b).)

Here, Hinkle filed and served his motion to vacate on March 18, 2013, and thereby triggered the 60-day period based on the statute's second prong. The court did not rule on the motion until June 12, 2013, which was nearly 90 days later.[4] The statute's plain language therefore compels the conclusion Hinkle's motion was denied by operation of law before the trial court ruled on it, and when the court entered its order purporting to grant the motion the court's power to do so already had expired. (See

---

[4] The trial court also failed to timely rule if we use the date notice of entry of judgment was served as the trigger for the 60-day period. Garibotti's counsel purportedly served notice of entry of judgment on January 26, 2013, but did not file it until nearly two months later, on March 14, 2013. In the interim, Hinkle hired new counsel who claimed neither he nor his predecessor ever received the notice of entry of judgment. To avoid the need to litigate whether her counsel properly served notice of entry of judgment, Garibotti agreed to withdraw the notice and the parties stipulated it was "void and of no effect." The parties further agreed that March 22, 2013, would be the date on which notice of entry of judgment was served. If we use that date, more than 80 days elapsed between service of notice of entry of judgment and the trial court's ruling.

6

*Poole v. Orange County Fire Authority* (2015) 61 Cal.4th 1378, 1385 ["'The plain meaning controls if there is no ambiguity in the statutory language'"].)

The Legislature added subdivision (b) to section 663a in 2012 (Stats. 2012, ch. 83 (A.B. 2106), § 2), and there have been no published decisions applying it. Nonetheless, the subdivision's legislative history demonstrates a trial court's failure to rule on a motion to vacate within section 663a, subdivision (b)'s time limit has the same legal effect as a trial court's failure to rule on a new trial motion within the time limit established by section 660. Section 663a, subdivision (b), uses the identical language as section 660 in establishing both the time limit for ruling on the motion and the legal effect of a trial court's failure to rule within that period. (Compare §§ 663a, subd. (b) & 660.) When the Legislature uses the same language in a related statute, we presume the Legislature intended the language to have the same meaning. (*People v. Wells* (1996) 12 Cal.4th 979, 986.)

Our conclusion the Legislature intended section 663a and section 660 to carry the same meaning is bolstered by the various Senate and Assembly committee reports analyzing the bill that added subdivision (b) to section 663a. (See *People v. Cruz* (1996) 13 Cal.4th 764, 773, fn. 5; *People v. Wahidi* (2013) 222 Cal.App.4th 802, 808 ["'"[c]ommittee materials are properly consulted to understand legislative intent, since it is reasonable to infer the legislators considered explanatory materials and shared the understanding expressed in the materials when voting to enact a statute"'"].) These reports uniformly declare the Legislature's intent in enacting section 663a, subdivision (b), was to make the period for ruling on a motion to vacate identical to the period for ruling on a new trial motion because the provisions governing the time limits for the two motions were otherwise the same. (See Assem. Com. on Judiciary, Proposed Consent of Assem. Bill No. 2106 (2011–2012 Reg. Sess.) as introduced Feb. 23, 2012, ["This non-controversial bill . . . specif[ies] that a court must rule on a motion to set aside and vacate a judgment in the same time period that it must rule on a motion for new

7

trial"]; Sen. Com. on Judiciary, Bill Analysis of Assem. Bill No. 2106 (2011-2012 Reg. Sess.) as amended May 24, 2012 ["This bill largely incorporates the provisions of Section 660, governing the time limits under which courts must rule on a motion for a new trial, into the existing Section 663a, which otherwise governs the time in which an aggrieved party must file and notice their intent to move to set aside and vacate a judgment"]; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill 2106 (2011-2012 Reg. Sess.) as amended June 18, 2012; Bill Analysis, Concurrence in Senate Amendments on Assem. Bill 2106 (2011–2012 Reg. Sess.) as amended June 18, 2012.)[5]

California courts long have held section 660's deadline for a trial court to rule on a new trial motion is mandatory and jurisdictional, and any ruling on the motion after the statute's 60-day period expires is beyond the court's jurisdiction and void. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 64; *Siegal v. Superior Court* (1968) 68 Cal.2d 97, 101; *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 899.) That is the same legal effect the Legislature intended when it used section 660's language in section 663a, subdivision (b), to establish the deadline for ruling on a motion to vacate.

Construing section 663a, subdivision (b)'s deadline as a jurisdictional requirement is consistent with how California courts have interpreted section 663a, subdivision (a)'s deadline for *filing* a motion to vacate. Subdivision (a) requires a party to file and serve a motion to vacate within 15 days of notice of entry of judgment or 180 days after entry of judgment, whichever is earlier. Courts consistently have held that deadline is jurisdictional by analogy to the deadline section 660 establishes for a party to file and serve a new trial motion. (*Advanced Building Maintenance v. State Comp. Ins.*

---

[5]    On our own motion, we judicially notice these legislative history materials. (*Gananian v. Wagstaffe* (2011) 199 Cal.App.4th 1532, 1541, fn. 9; see Evid. Code, §§ 452, subd. (c), 459, subd. (a).)

*Fund* (1996) 49 Cal.App.4th 1388, 1394; see *Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 702.)

Hinkle does not dispute the legal effect of a trial court's failure to rule on a motion to vacate within the statute's 60-day time limit is a denial by operation of law and any later order is void as beyond the court's jurisdiction. Instead, he contends the trial court did not act beyond its authority because it entered an order extending the 60-day period before it lapsed. Specifically, Hinkle argues the court originally set the hearing on his motion within the 60-day period, but then entered an order continuing the hearing to a date outside the period based on a stipulation the parties submitted requesting the new hearing date.[6] According to Hinkle, section 663a, subdivision (b), specifically contemplates the trial court's authority to extend the 60-day period because the subdivision's plain language states the motion shall be denied without further order of the court if the motion "is not determined within the 60-day period, *or within that period, as extended.*" (Italics added.) We are not persuaded.

In construing section 663a, subdivision (b), we must read it "as a whole so that all parts are harmonized and given effect," and also "accord meaning to every word and phrase . . . so as to better effectuate the Legislature's intent. (*Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, 289.) Section 663a, subdivision (b)'s first sentence states the trial court's power to rule on a motion to vacate shall expire 60 days after service of notice of entry of judgment or the first notice of intention to move to vacate the judgment, "Except as otherwise provided in Section 12a." Section 12a provides that when the last day to perform an act required by law falls on a court holiday, then that period shall be extended to and include the next day if not a court

_____

6    After we requested the parties submit supplemental briefs, Hinkle filed a motion to augment the record to include a stipulation and order the trial court entered on April 22, 2013. The stipulation and order continued the hearing on Hinkle's motion to vacate judgment from May 7, 2013, to June 4, 2013. We grant the motion to augment.

9

holiday. (§ 12a.) In other words, if the 60th day to rule on a motion to vacate is a Sunday, then the 60-day period is extended to Monday or the next day on which the court is open. Accordingly, we conclude the phrase "within that period, as extended" refers only to the extended period when the 60th day falls on a court holiday because that is the only extension or exception mentioned in section 663a, subdivision (b).

In establishing the time for ruling on a new trial motion, section 660 includes the same language on which Hinkle relies. Despite that language, California courts uniformly have held a trial court lacks authority to extend section 660's time limit for ruling on a new trial motion. (See, e.g., *Fischer v. First Internat. Bank* (2003) 109 Cal.App.4th 1433, 1450-1451 ["'The 60-day time limit of C.C.P. 660 is jurisdictional, and cannot be evaded by stipulation or *nunc pro tunc* order'"]; *Dodge v. Superior Court* (2000) 77 Cal.App.4th 513, 518 (*Dodge*) ["The period may not be enlarged under the rubric of mistake, inadvertence, surprise, excusable neglect under section 473 or by means of a nunc pro tunc order"]; *Meskell v. Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 825 (*Meskell*) ["The time limits set by section 660 of the Code of Civil Procedure are mandatory and jurisdictional [citation], and such limits may not be changed by consent, waiver, agreement or acquiescence"].) We conclude a trial court likewise lacks authority to extend section 663a, subdivision (b)'s time limit for ruling on a motion to vacate judgment.

Hinkle also contends Garibotti is estopped to challenge the trial court's jurisdiction to rule outside of section 663a, subdivision (b)'s time frame because the court continued the hearing date on Hinkle's motion beyond the 60-day period based on Garibotti's request and with her consent. Estoppel, however, may not extend a trial court's jurisdiction to rule on either a new trial motion or a motion to vacate judgment.

"The doctrine of estoppel to contest jurisdiction . . . 'provides that when a court has subject matter jurisdiction over an action, "a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped

10

to complain of the ensuing action in excess of jurisdiction."' [Citation.] It does not require reliance or ignorance by the party seeking to assert estoppel." (*Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 830, 843.) The doctrine does not apply when the court lacks subject matter jurisdiction because the parties to an action may neither confer nor extend subject matter jurisdiction by estoppel, consent, waiver, or agreement. (*Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1188; *Hagan Engineering, Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1008.)

Whether the doctrine of estoppel to contest jurisdiction applies therefore turns on the nature of the jurisdictional error involved. "Essentially, jurisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.'" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 (*American Contractors*); *People v. Brewer* (2015) 235 Cal.App.4th 122, 136 (*Brewer*).)

"However, 'in its ordinary usage the phrase "lack of jurisdiction" is not limited to these fundamental situations.' [Citation.] It may also 'be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.] '"[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction."' [Citation.] When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.] That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside

11

by 'principles of estoppel, disfavor of collateral attack or res judicata.'" (*American Contractors*, *supra*, 33 Cal.4th at p. 661; *Brewer*, *supra*, 235 Cal.App.4th at p. 136.)

"When, by lapse of time for appeal or other direct attack on the judgment (e.g., motion for new trial, motion to vacate) it becomes final, the cause is no longer pending and the court has no further jurisdiction of the subject matter." (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 328, pp. 941-942; cf. *Paniagua v. Orange County Fire Authority* (2007) 149 Cal.App.4th 83, 89 ["'[I]t is a well-settled proposition of law that where the plaintiff has filed a voluntary dismissal of an action . . . , the court is without [subject matter] jurisdiction to act further [citations], and any subsequent orders of the court are simply void'"].) Here, the trial court lacked subject matter jurisdiction to grant Hinkle's motion to vacate once the 60-day period for the court to rule lapsed, and that jurisdiction cannot be renewed or extended by principles of estoppel. (Cf. *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667 [timely notice of appeal is prerequisite to appellate jurisdiction and parties cannot create jurisdiction by consent, waiver, or estoppel]; *Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 440-441 [same].)

Based on the jurisdictional nature of section 660's time frame for ruling on a new trial motion, courts have rejected requests to create equitable exceptions or provide equitable relief from the harsh consequences of the trial court's failure to rule timely. (See, e.g., *Dodge*, *supra*, 77 Cal.App.4th at p. 524; *Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1487-1488 [recognizing absence of any case law creating exception to section 660's time limit].) Instead, courts have emphasized the jurisdictional nature of the time limit imposes a duty on the moving party to ensure his or her motion is decided timely: "'It is the duty of the [moving] party to be present and see that his motion for a new trial is set for hearing within the statutory [time] period. If it has been inadvertently continued by the court to a date too late under the statute the party should move the court to advance the matter on the calendar. When [the party] is guilty of lack

12

of diligence in the prosecution and presentation of his motion, he cannot complain of the court's inadvertence. And when counsel for both parties consent to a continuance without considering that the extension will be beyond the time the court can act on the motion, the effect is to deprive the court of the power to act. It effectively denies the motion without further order.'" (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 500 [applying section 660's 60-day time frame]; see *Meskell*, *supra*, 12 Cal.App.3d at p. 824 [same].)

Hinkle cites no authority authorizing either the trial court or this court to apply estoppel principles to extend the time for the trial court to rule on his motion. He relies solely on the recent Supreme Court decision in *People v. Ford* (2015) 61 Cal.4th 282, but that case simply applies the doctrine of estoppel to contest jurisdiction and recognizes the doctrine applies only when the trial court has subject matter jurisdiction. (*Id*. at pp. 284-285, 287.) As explained above, the trial court lacked subject matter jurisdiction once section 663a, subdivision (b)'s 60-day period expired.

We therefore conclude Hinkle's motion was denied by operation of law before the court ruled and the court's order purporting to grant the motion is void as beyond the court's jurisdiction. Because the order is void, the revised judgment the trial court entered based on that order likewise is void. In reaching these conclusions, we express no opinion on the parties' challenges to the merits of either the trial court's ruling or the original default judgment.

## III

### DISPOSITION

The order granting Hinkle's motion to vacate the default judgment and the revised judgment are reversed. The original judgment entered on January 18, 2013, is reinstated. Garibotti shall recover her costs on appeal.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.