FILES, P. J.
Appellant is appealing from an adverse judgment in a will contest. Respondent has moved to dismiss the appeal upon the grounds (1) that the notice of appeal was filed late, and (2) appellant has failed to designate and pay for a record within the time allowed by the rules. Appellant has offered an explanation for her delay in purchasing a record and has stated that she now has funds available and will proceed diligently hereafter if relief from default is granted.
With respect to the delay in preparation of the record, this court has discretion to grant relief from default. (Cal. Rules of Court, rule 45(e).) Under the circumstances this court is disposed to grant relief.
With respect to the other ground of the motion, rule 45(e) forbids this court to relieve a party from failure to give timely notice of appeal. It is therefore necessary to determine whether the notice was timely under the applicable law.
The clerk’s certificate attached to the notice of motion (pursuant to rule 41(a), Cal. Rules of Court) shows this chronology (all dates in 1967) :
January 6. Judgment entered.
January 6. Notice of entry mailed by the clerk.
January 13. Notice of entry filed and mailed by the attorneys for respondent.
January 16. Notice of intention to move for a new trial filed by appellant.
February 20. Motion for a new trial argued and submitted.
April 10. Notice of appeal filed.
*672 The superior court never ruled on .the motion for a new trial.
The time limits for filing a notice of appeal are set forth in rules 2 and 3. Rule 2 is inapplicable here. Rule 3 provides: “(a) [New trial proceeding] When a valid notice of intention to move for a new trial is served and filed by any party, (1) if the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined; . . . ”
Under the facts in this case, it is the date when the motion for a new trial was denied that is the critical date.
Code of Civil Procedure section 660 contains this language: 1 ‘ Except as otherwise provided in Section 12a of this code, the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. ’ ’
The crucial question here is whether the 60 days runs from the clerk’s notice or the party’s notice of entry of judgment.
The clerk’s notice was mailed on January 6 and the 60th day thereafter was Tuesday, March 7.
The party’s notice was mailed January 13 and the 60th day after that was March 14.
The notice of appeal, filed April 10, was within 30 days after March 14, but not within 30 days after March 7.
. The law on this subject prior to 1965 was clear enough. The Code of Civil Procedure then provided that a party desiring to move for a new trial must serve his notice of motion either before judgment or “Within 30 days after the entry of the judgment or 10 days after service upon him by any party of written notice of the entry of judgment, whichever is earlier.”
Section 660, then, as now, provided for an automatic denial if the court failed to rule 60 days “after service-on the moving party of written notice of the entry of-judgment.”
In Cowee v. Marsh (1958) 50 Cal.2d 240 [324 P.2d 553], *673 the' clerk mailed to each of the parties a notice of entry of judgment. The question before the Supreme Court was whether the clerk’s notice started the running of the 10-day period referred to in section 659. The court concluded that the clerk’s notice did not constitute service and was ineffective to start the 10-day period. The opinion states (at p. 244) “ ‘it is essential to a valid notice of entry of judgment that the notice be given by a party to the action.’ ” (See also Alhambra Consol. Mines, Inc. v. Alhambra Shumway Mines, Inc., 239 Cal.App.2d 590, 595 [49 Cal.Rptr. 38].) There is no doubt that the reasoning and decision of that case applied equally to the running of the 60-day period of section 660, for the “service ... of written notice” referred to in section 660 was the same as the “service ... of written notice” in section 659.
The 1965 Legislature enacted Code of Civil Procedure section 664.5 which provides: “Promptly upon entry of judgment in a superior or municipal court, and whether trial was by the court or jury, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action and shall execute an affidavit of such mailing and place it in the court’s file in the ease. ’ ’
At the same time, as a part of the same enactment (Stats. 1965, ch. 1890, p. 4359) section 659 was amended to provide that a notice of motion for a new trial must be filed before judgment or “Within 10 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earlier. ’ ’
The portion of section 660 which sets the time limit for the court’s ruling has not been amended. It remains the same as it was when Cowee v. Marsh was decided.
The 1967 Legislature has enacted two statutes, chapters 169 and 1428, amending section 664.5 and some other sections, effective November 8, 1967. Neither of these two 1967 enactments makes any change in the text of section 660.
It is respondent’s contention that the clerk’s notice, now given pursuant to a legal duty, constitutes “service” within the meaning of section 660. Three circumstances militate against that interpretation:
(1) The 1965 Legislature amended section 659 to declare that the 10-day period runs from the clerk's notice, but it has not amended section 660.
*674 (2) Section 664.5 does not use the word “service.” It says the clerk shall “mail” the notice, and “execute an affidavit of such mailing. ’ ’ When a party serves a notice by mailing it, his act is referred to in the code as “service by mail,” and his proof is called “proof of service by mail.” (Code Civ. Proc., §§ 1012, 1013, 1013a.)
Section 659 speaks of “mailing notice of entry of judgment by the clerk” and “service ... by any party.” Rule 2 of the California Rules of Court, which was amended in 1965 to give recognition to the clerk’s notice, likewise speaks of “mailing ... by the clerk” and “service ... by any party.” All of this language suggests a distinction between “mailing” and “service.” The choice of language supports the view that11 service ’ ’ still means only what it meant prior to 1965, that is, the act of a party and not the act of the clerk.
(3) Policy favors a statutory interpretation which will protect the right of appeal. “It is a well established policy that, since the right of appeal is remedial in character, our law favors hearings on the merits when such can be accomplished without doing violence to applicable rules. Accordingly in doubtful cases the right of appeal should be granted.” (Slawinski v. Mocettini, 63 Cal.2d 70, 72 [45 Cal.Rptr. 15, 403 P.2d 143].)
In the ease at bench it seems probable that appellant relied upon the interpretation which had been placed upon section 660 prior to 1965, and the fact that section 660 has not been amended. To change the interpretation of section 660 now is to create a trap which the Legislature could not have intended.
It may well be that the failure to amend section 660 was an oversight. There appears to be no reason why the time limits specified in sections 659 and 660 should not commence to run on the same day. Statutory amendment is the proper way to restore conformity. Under the existing statutes, the notice of appeal in this case is timely.
In order to insure diligent prosecution of the appeal it is proper for this court to set a time limit for the deposit of funds to pay for the record, pursuant to rules 4(c) and 5(c), .‘California Rules of Court. Appellant should not be required to make such deposits until this decision as to the court’s jurisdiction becomes final. The denial of respondent’s motion to dismiss constitutes a final determination 60 days after the filing of this opinion unless the Supreme Court grants a hearing within the period provided for in rule 28. (Pigeon Point *675 Ranch, Inc. v. Perot, 59 Cal.2d 227, 230-232 [28 Cal.Rptr. 865, 379 P.2d 321].)
The motion to dismiss is denied. Relief from default is granted upon condition that appellant deposit with the clerk the amounts required under rules 4(c) and 5(c) within 10 days after this decision becomes final.
Jefferson, J., and Kingsley, J., concurred.
Respondent’s petition for a hearing by the Supreme Court was denied December 27, 1967.