[No. E023628. Fourth Dist., Div. Two. Nov. 16, 1999.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff and Appellant, v.
CHERRY HIGHLAND PROPERTIES, Defendant and Respondent.

**COUNSEL**

William M. McMillan; David R. Simmes; John M. Albertine and Robert W. Vidor for Plaintiff and Appellant.

Sullivan, Workman & Dee, Henry K. Workman, Paul C. Epstein and Charles S. Doskow for Defendant and Respondent.

**OPINION**

**GAUT, J.—**

### 1. *Introduction*

This appeal raises the issue of what triggers the 60-day period within which a motion for new trial must be determined. In this action the State of California (State) condemned property owned by Cherry Highland Properties, a general partnership (Cherry).

After the jury verdict, Cherry applied for and was granted a new trial by the trial court on the issue of severance damages. The State contends that the time within which to grant that motion had expired, relying upon Code of Civil Procedure section 660.[1]

Section 660 provides, in part, that "the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial."

The clerk gave no notice of entry of judgment. Cherry gave notice of the entry of judgment on July 8, 1998, which it filed on July 20, 1998, the same day it filed its motion for new trial. The trial court heard the new trial motion on September 3, 1998, and granted it in part, on September 17, 1998. On

---

[1]All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

October 1, 1998, State moved to vacate the order granting the new trial, asserting that the 60-day time period within which the trial court had jurisdiction to act had expired on September 8, 1998, 60 days from the date Cherry gave notice of the entry of judgment. The trial court denied that motion on October 6, 1998.

We affirm the trial court because we find that the 60-day period within which to rule on the new trial motion did not commence until July 20, 1998.

## 2. *Discussion*

■ The issue as to what triggers the commencement of time within which to rule on a motion for new trial involves a pure question of statutory interpretation, which we review de novo. (*R & P Capital Resources, Inc.* v. *California State Lottery* (1995) 31 Cal.App.4th 1033, 1036 [37 Cal.Rptr.2d 436].) ■ In this case we must decide whether under the applicable statutes the 60-day time limit within which to rule on the new trial motion begins to run on the date that the party moving for the new trial gives notice of the entry of judgment, or only on the date the party opposing the new trial motion gives notice.

Section 660 provides, for purposes of this discussion, that the jurisdiction to rule on a motion for new trial expires 60 days after either "service on the moving party by any party of written notice of the entry of the judgment" or, if no such notice was given, 60 days from the "filing of the first notice of intention to move for a new trial." If the July 8, 1998, notice of entry of judgment given by Cherry is operative, then the State is correct; the September 17, 1998, decision was beyond the 60-day limit. If the 60 days did not begin to run until July 20, 1998, when Cherry filed its proof of mailing the notice of entry and its motion for a new trial, then the September 17, 1998, decision granting the new trial was timely.

Section 664.5 requires the party submitting a judgment for entry to prepare and to mail a copy of the notice of entry. In this case, Cherry objected to the judgment submitted by State and submitted its own judgment. In accordance with section 664.5, it was required to and did give notice of the entry of judgment on July 8, 1998. It filed the proof of that mailing on July 20, 1998.

By complying with section 664.5 and giving notice of entry of judgment, did Cherry trigger the 60-day period within which to rule on the new trial motion? The requirement that the party submitting the judgment mail notice of the entry of judgment was added to section 664.5 in 1981 and 1982. There

was no corresponding amendment to section 660. Section 660 continues to provide that the 60-day new trial decision period is triggered either by "any party" giving notice to "the moving party" of entry of judgment or the filing of a motion for new trial.

If a party seeking a new trial triggers commencement of the 60 days within which to rule on that new trial motion by mailing notice of entry of judgment under section 664.5, then section 660 is meaningless. The 60-day period would be triggered on the day the judgment was entered. The provisions in section 660 requiring either service on the moving party or the filing of the motion for new trial would be unnecessary.

We must reconcile the apparent conflicts between sections 664.5 and 660 so as to give meaning to both sections, if possible. (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449].) We begin with the observation that the purpose for giving notice under section 660 is not merely to provide the parties with knowledge of the entry of judgment. Knowledge of the entry of judgment is immaterial. (*Van Beurden Ins. Services, Inc.* v. *Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 58 [61 Cal.Rptr.2d 166, 931 P.2d 344].) The importance of section 660 is that compliance with it triggers the jurisdictional time limit for ruling on a motion for new trial. (*Van Beurden, supra*, at p. 66.)

In *Van Beurden*, the California Supreme Court held that ". . . the time for ruling on a motion for new trial will be shortened only if the party submitting the order or judgment for entry [under section 664.5] serves notice of entry of judgment on all the parties, files the original notice with the court, and files a proof of service. (Code Civ. Proc., § 664.5 subd. (a).)" (*Van Beurden Ins. Services, Inc.* v. *Customized Worldwide Weather Ins. Agency, Inc., supra,* 15 Cal.4th at p. 65.) In this case, although Cherry gave notice to other parties on July 8, the proof of service was not filed until July 20, 1998, the date of Cherry's notice of motion for a new trial. If the notice of entry was not effective until the proof of service was filed, as *Van Beurden* seems to indicate, the decision on the new trial motion was timely.

Even if *Van Beurden* does not stand for the proposition that the trial court jurisdiction to consider a new trial motion commences upon the filing of the proof of mailing pursuant to section 664.5, we do not find that the notice of entry of judgment filed by Cherry initiated the 60-day decision period for the new trial motion.

In *Van Beurden*, the California Supreme Court did not discuss the relationship between sections 664.5 and 660. The facts of this case require us to

consider that relationship and to determine whether a party's notice of entry under 664.5 satisfies the section 660 requirement of service "on the moving party," by "any party." Chief Justice Traynor's opinion in *McCordic* v. *Crawford* (1943) 23 Cal.2d 1 [142 P.2d 7] sheds light on that question. At that time section 660 contained only the two provisions at issue here, i.e., the time within which to rule on a new trial motion begins either on notice to the moving party or upon filing the motion for new trial.[2] Chief Justice Traynor said: "It is thus left to the prevailing party to take the initiative in insuring the finality of the judgment by serving upon the opposing party written notice of entry of the judgment. When he does so, the time within which a motion for new trial may be made [citation] and granted [citation] begins to runs." (*McCordic* v. *Crawford, supra,* at p. 5.) In *Cowee* v. *Marsh* (1958) 50 Cal.2d 240, 243 [324 P.2d 553] the court acknowledged the responsibility of the prevailing party, as follows: " '[i]t has long been the custom and practice of California attorneys representing prevailing clients to serve the statutory notice of entry of judgment on the opposing counsel.' "

We can reconcile the apparent conflict between sections 664.5 and 660 by applying the concept enunciated by Chief Justice Traynor, namely, the prevailing party must give formal notice of entry of judgment in order to start the new trial decision period. (See *Van Beurden Ins. Services, Inc.* v. *Customized Worldwide Weather Ins. Agency, Inc., supra,* 15 Cal.4th at p. 58.) Mailing the notice of entry required by section 664.5 did nothing "more than to bring home to both parties the knowledge that judgment had been entered of record." (*Cowee* v. *Marsh, supra,* 50 Cal.2d 240, 243.) However, formal service of the notice of entry of judgment as required by section 660 triggers the commencement of the 60-day period.

Under section 664.5, the notice is mailed to the parties; under section 660, the notice must be served. In the *Estate of Hanks* (1967) 255 Cal.App.2d 674 [63 Cal.Rptr. 553], the court noted the distinction between "mailing" a notice of entry, which section 664.5 then required of the clerk, and "service" of the notice of entry required by section 660. "The choice of language supports the view that 'service' still means only what it meant prior to 1965, that is, the act of a party and not the act of the clerk." (*Estate of Hanks, supra,* 255 Cal.App.2d at p. 678.)

State contends that the provision of section 660 authorizing "any party" to give notice of entry of judgment includes Cherry's section 664.5 notice. We disagree. First, section 660 requires that service must be "on" the moving

---

[2]Section 660 has been modified since that decision to provide that notice to the moving party may be given by "any party."

party. The party moving for a new trial cannot serve the notice on itself. Second, section 660 requires service of the notice on the moving party whereas section 664.5 merely requires the notice be mailed to all parties. As *Estate of Hanks* confirms, there is a distinction between service and mailing. Service provides the formal notice necessary to trigger the commencement of the 60-day new trial period.

Because Cherry did not file the mailed section 664.5 notice of entry of judgment until July 20, 1998, the trial court's jurisdiction to rule on the new trial motion did not begin until that date. We also find that service "on the moving party" within the meaning of section 660 did not occur when Cherry mailed notice of entry pursuant to section 664.5. The time within which to rule on the new trial motion therefore did not begin until Cherry filed its motion for new trial on July 20, 1998. The trial court order on September 17, 1998, granting in part Cherry's motion for new trial, was timely.

### 3. *Disposition*

Judgment affirmed. Cherry Highland Properties to recover costs on appeal.

Richli, Acting P. J., and Ward, J., concurred.