[No. D033834. Fourth Dist., Div. One. Jan. 10, 2000.]

KELLY DODGE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
CASPER'S CONCRETE CUTTING, INC., et al., Real Parties in Interest.

## COUNSEL

Higgs, Fletcher & Mack, John Morris, Jon R. Williams; Thorsnes, Barto-lotta, McGuire & Padilla, Vincent J. Bartolotta and Catherine A. Richardson for Petitioner

No appearance for Respondent.

Horton & Ryan, Patricia G. Ryan and Kimberly S. Clevenger for Real Parties in Interest FCC Construction, Inc., and Triarc.

Farmer, Weber & Case and David G. Weber for Real Party in Interest Casper's Concrete Cutting, Inc.

## OPINION

**WORK, J.**—In this case, we are asked to decide when the 60-day period under Code of Civil Procedure[1] section 660 for ruling on a motion for new trial expired.

Section 660 gives the court power to rule on a new trial motion for "60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to [s]ection 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier . . . ." If no notice of entry is either mailed by the clerk or served by a party, the period is extended: jurisdiction does not run until "60 days after filing of the first notice of intention to move for a new trial." (§ 660.)

In the case before us, the clerk gave no notice of entry of judgment. Plaintiff served file-stamped copies of the judgment on defense counsel on February 11. Defendants filed their notices of intention to move for a new trial on February 19. The court wrote a letter on April 12 (the 60th day after

[1]Unless otherwise specified, all statutory references are to the Code of Civil Procedure.

plaintiff served conformed copies of the judgment), stating it had granted the new trial motions. However, the court did not enter the minute order purporting to grant a new trial until April 13 or file its statement of reasons until April 14.

We conclude the 60-day jurisdictional period was triggered by plaintiff's service on February 11 and, at the time the court entered its order, it no longer had the power to grant a new trial.

### FACTUAL AND PROCEDURAL BACKGROUND

Kelly Dodge filed suit for negligence and nuisance against Casper's Concrete Cutting, Inc., Casper's Concrete Cutting, Inc., doing business as Casper Company, FCC Construction, Inc., Triarc and others (collectively defendants). On January 13, 1999, the jury returned a $261,343 verdict for Dodge.

The judgment on special verdict was filed on February 4. Dodge personally served conformed copies of the judgment on counsel for defendants on February 11.[2] On February 19 defendants filed notices of intention to move for a new trial and motions for judgment notwithstanding the verdict. The court heard argument on the motions on April 2 but reserved ruling until April 9 due to pending settlement discussions.

By letter dated April 12 (the 60th day after service of the judgment) and postmarked April 13 (the 61st day after service of the judgment),[3] the court simply stated it "hereby grant[ed] the Motions for New Trial brought by counsel for the defendants" and directed all attorneys to appear on April 19 to set new dates. On April 13 (the 61st day after service of the judgment), the court entered a minute order which stated:

"Defendant[s'] Notice of [sic] Motion for Judgment Notwithstanding the Verdict is denied.

"Defendant[s'] Motion for New Trial is granted on grounds that there were irregularities in the proceedings caused by counsel for the plaintiff (CCP § 657(1)); the evidence is insufficient to justify the verdict (CCP § 657(6)); and the verdict is contrary to law (CCP § 657(6)). Within 10 days of this order the Court will prepare, sign and file a statement which sets forth

---

[2]Service was effected on February 11 by a registered process server with Knox Attorney Service. However, the process server did not execute a proof of service until February 17, and Dodge did not file it until April 14.

[3]The letter does not bear a file stamp.

the basis for the decision."[4] On April 14 (the 62d day after service of the judgment), the court filed a statement of reasons for granting the new trial which referred to the evidence and conduct by counsel.

Dodge moved to strike the new trial order arguing the motion was denied by operation of law on April 12, the 60th day after service of the judgment. The court denied the motion to strike relying on *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 65, footnote 5 [61 Cal.Rptr.2d 166, 931 P.2d 344], and stating in pertinent part: "Based on the failure of [Dodge] to file and serve a 'notice of entry of judgment' with an appropriate proof of service, the 60 day time limit ran from the date of the filing of the notice of intent to move for new trial on February 19, 1999 and the 60 day limit for motion rulings is April 20. Therefore, the April 13, 1999 order granting the plaintiff's [*sic*] motion for new trial is valid and timely."

Dodge challenged the ruling by writ. She maintains (a) the last day the court could rule on the new trial motions was April 12 and (b) the April 12 letter from the court does not satisfy the statutory requirements for the grant of a new trial. We requested responses and issued an order to show cause.

## DISCUSSION

### I

The starting place in our analysis is section 660. Section 660 provides in pertinent part: "[T]he power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. . . ."

■■■ The 60-day period under section 660 is mandatory and jurisdictional. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc., supra,* 15 Cal.4th at pp. 56, 64; *Siegal v. Superior Court* (1968)

---

[4]Although the original minute order referred only to the motion for new trial and motion for judgment notwithstanding the verdict by Casper's Concrete Cutting, Inc., and Casper's Concrete Cutting, Inc., doing business as Casper Company, the court filed an amended minute order the same day to encompass the companion motions by FCC Construction, Inc., and Triarc as well.

68 Cal.2d 97, 101 [65 Cal.Rptr. 311, 436 P.2d 311]; *Jones v. Sieve* (1988) 203 Cal.App.3d 359, 369 [249 Cal.Rptr. 821].) The period may not be enlarged under the rubric of mistake, inadvertence, surprise, excusable neglect under section 473 or by means of a nunc pro tunc order. (*Siegal v. Superior Court*, *supra*, 68 Cal.2d at p. 101.) "[A]n order made after the 60-day period purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void." (*Ibid.*)

## II

 Defendants take the position that the 60-day jurisdictional period did not expire on April 12, as Dodge asserts, because Dodge failed to comply with the statutory requirement of serving them with a "notice of entry of judgment." We disagree. Dodge personally served defense counsel with a conformed copy of the judgment. Delivery of a conformed copy of the judgment, albeit not a document with the label "notice of entry of judgment," constitutes proper service of notice of entry of judgment under section 660.

"[N]o particular form [of notice of entry of judgment] is required." (*National Advertising Co. v. Rohnert Park* (1984) 160 Cal.App.3d 614, 618 [206 Cal.Rptr. 696].) "[A]ny notice in writing which will convey to a losing party that judgment has been entered is sufficient." (*Ibid.*) A conformed copy of the judgment showing the date of entry is sufficient for notice purposes. (*Ibid.*; *Ramirez v. Moran* (1988) 201 Cal.App.3d 431, 436 [247 Cal.Rptr. 117].)

In courts where judgments are entered immediately upon filing,[5] a file-stamped copy of the judgment gives notice of the fact and date of its entry. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.*, *supra*, 15 Cal.4th 51 at p. 57, fn. 2; *Tri-County Elevator Co. v. Superior Court* (1982) 135 Cal.App.3d 271, 276 [185 Cal.Rptr. 208]; *Hughes v. City of Pomona* (1998) 63 Cal.App.4th 772, 775-776 [74 Cal.Rptr.2d 344].) In San Diego County Superior Court, judgments are entered upon filing. (San Diego Super. Ct., Press Release (May 30, 1995) [date of entry of judgment].[6])

Service of file-stamped copies of the judgment by Dodge was thus the legal equivalent of "service on the moving party . . . of written notice of the

---

[5] In most courts, a judgment is entered when the original judgment, signed by the judge, is filed with the clerk. In some smaller courts, however, "judgments are still 'entered' by *copying* them 'at large' (verbatim) into the court's 'judgment book.' " (Wegner et al., Cal. Practice Guide: Civil Trials & Evidence (The Rutter Group 1998) ¶ 18:221, p. 18-42.)

[6] Issued by the executive office of superior court, the press release provides in pertinent part: "Effective July 3, 1995, the San Diego County Superior Court will no longer stamp judgments with a book and page. In accordance with . . . § 668.5, all judgments are entered

entry of judgment" under section 660: it unequivocally conveyed to defendants the fact and date of entry of the judgment against them.

## III

Defendants also argue the 60 days did not begin to run on April 12 because Dodge failed to comply with the statutory requirement of filing with the court a proof of service pursuant to section 664.5 concurrent with the notice of entry of judgment. Ostensibly, defendants are relying on subdivision (a) of section 664.5, which requires a "party submitting . . . [a] judgment for entry . . . [to] prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and . . . file with the court the original notice of entry of judgment together with the proof of service by mail."[7]

■ If we turn to the literal provisions of section 660, however, we see section 664.5 is not directly relevant to our facts. The 60 days for ruling on a new trial motion under section 660 is activated by any one of three occurrences:

– "the mailing of notice of entry of judgment by the clerk of the court pursuant to [s]ection 664.5" *or*

– "service on the moving party by any party of written notice of the entry of the judgment" *or*

– if no notice of entry is either mailed by the clerk or served by a party, the "filing of the first notice of intention to move for a new trial." (§ 660.) Thus, under the express language of section 660, section 664.5 has no

by the clerk's filing of the judgment, and the file-stamp date will be the date of entry of judgment for all purposes. . . ."

[7]Section 664.5 provides in pertinent part: "(a) In any contested action or special proceeding other than a small claims action or an action or proceeding in which a prevailing party is not represented by counsel, the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail. . . .

"(b) Promptly upon entry of judgment in a contested action or special proceeding in which a prevailing party is not represented by counsel, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause.

"(c) For purposes of this section 'judgment' includes any judgment, decree, or signed order from which an appeal lies.

"(d) Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable."

bearing on the commencement of the 60-day jurisdictional period absent a mailing of notice of entry by the clerk.[8]

We are not concerned with section 664.5 in this case. Because notice was not mailed, the provisions of section 664.5 never come into play.

There is no dispute, however, that on February 11 Dodge personally served the parties moving for a new trial with conformed copies of the judgment. In addition to the clerk's mailing, jurisdiction on a new trial motion also runs "60 days from . . . service on the moving party by any party of written notice of the entry of the judgment." (§ 660.) The triggering event under this prong of the statute is "service on the moving party," *not* filing the proof of service. (§ 660.) Under the express statutory terms then, the 60 days commenced on February 11, the date Dodge served file-stamped copies of the judgment on defendants.

Defendants' authorities, *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc., supra,* 15 Cal.4th 51, and *People ex rel. Dept. of Transportation v. Cherry Highland Properties* (1999) 76 Cal.App.4th 257 [90 Cal.Rptr.2d 214], do little to support their argument that the 60-day period does not begin to run until the proof of service is filed.

*Van Beurden* involved a clerk's mailing and not, as here, service by a party. In *Van Beurden,* the jury returned a verdict in favor of defendant on April 1, 1994, and defendant was directed to file a written motion for costs. The trial court heard argument on the posttrial cost motions in mid-May and took the matter under submission advising counsel, " 'I'll . . . give you my decision as soon as I can.' " (15 Cal.4th at p. 66.)

In July, two months after argument, the trial court signed an order on the cost motions and also signed the judgment.[9] The clerk filed the order and judgment, and mailed file-stamped copies to counsel with proofs of service. Eleven days after the clerk's mailing, plaintiff filed a notice of intention to move for a new trial.

The issue on appeal was whether the clerk's mailing constituted notice of entry of the judgment by "order of the court" under section 664.5 so as to trigger the 60-day period for ruling on the new trial motion. (*Van Beurden Ins. Services v. Customized Worldwide Weather Ins. Agency, Inc., supra,* 15

---

[8]The clerk is required to mail a notice of entry only when the prevailing party is not represented by counsel (§ 664.5, subd. (b)) or when the court directs the clerk to do so (§ 664.5, subd. (d)).

[9]Presumably, the trial court signed the proposed amended judgment submitted by defendant 10 days after the jury returned its verdict.

Cal.4th 51.) The Supreme Court held the 60 days tracked from the date plaintiff filed the notice of intention to move for a new trial, and *not* the earlier date of clerk's mailing, because there was "no express order directing the clerk to mail 'notice of entry' of judgment" and no "indicat[ion] [by the clerk] that the file-stamped copy constituted such 'notice of entry' of judgment 'pursuant to section 664.5' or 'upon order of the court.' " (*Id.* at p. 65.)

*People ex rel. Dept. of Transportation v. Cherry Highland Properties*, *supra*, 76 Cal.App.4th 257, addressed the unique situation of a party who mails a notice of entry of judgment under section 664.5 *and* later moves for a new trial under section 660. The issue becomes which statute applies.

The *Cherry Highland Properties* decision arose out of a condemnation action. Following trial and the submission of a judgment by the condemner, the property owner submitted its own judgment, mailed a notice of entry of judgment on July 8, and filed a new trial motion along with proof of its July 8 mailing on July 21.

The court in *Cherry Highland Properties* held the 60-day period for ruling on the new trial motion commenced on July 21 when the party filing the new trial motion also filed proof that it had mailed a notice of entry of judgment pursuant to section 664.5 on July 8. The court concluded the property owner's mailed notice of entry under section 664.5 was not equivalent to "service on the moving party" by "any party" under section 660 based on a variety of factors including (1) dicta in *Van Beurden* that section 664.5 notice is not effective until the proof of service is filed, (2) the fact that traditionally the prevailing party (not the party seeking a new trial) gives notice of entry of the judgment and (3) the difference between mailing under section 664.5 and service under section 660. The court went on to explain: "[S]ection 660 requires that service must be 'on' the moving party. The party moving for a new trial cannot serve the notice 'on' itself." (76 Cal.App.4th at pp. 262-263.)

In contrast to *People ex rel. Dept. of Transportation v. Cherry Highland Properties, supra*, 76 Cal.App.4th 257, the facts before us fit the classic mold: Dodge, plaintiff and prevailing party, served conformed copies of the judgment on the defendants, and defendants moved for a new trial. There was no possible ambiguity between mailing of notice of entry under section 664.5 or service by mail of notice of entry under section 660 by a party also moving for a new trial as there was in *Cherry Highland Properties*.

Dodge did not "mail" notice of entry under section 664.5.[10] She had the defendants "served"—personally served—under section 660.

In the final analysis, we return to the statute. All that section 660 requires for a party to activate the 60-day period is "service on the moving party by any party of written notice of the entry of the judgment," i.e., service of notice in writing sufficient to convey to a losing party judgment was entered. (*National Advertising Co. v. Rohnert Park, supra,* 160 Cal.App.3d at p. 618.) The statute makes the 60-day period expressly contingent on service on the party moving for a new trial, not on filing the proof of service. The language is perhaps tacit recognition of the fact that parties often file proof of service at a later date, particularly where as here they use a registered process server and may not have immediate access to the proof of service.

 In any event, the operative word in section 660 is "service." The Legislature has imposed no requirement to file proof of service of notice of entry of the judgment on the party moving for a new trial to invoke the 60-day period. Indeed, the failure to amend section 660 despite related amendments to other statutes (§§ 659, 1019.5), rule changes (Cal. Rules of Court, rule 2(a)) and comment by the court[11] suggests the statute says what the Legislature wants it to say. The Legislature has the power to rewrite section 660 if it so desires, but we are not at liberty to do so.

---

[10]As noted above, section 664.5, subdivision (a), expressly applies only to the mailing of notice of entry by a party. It provides in pertinent part: "[T]he party submitting . . . [a] judgment for entry shall prepare and *mail* a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with *the proof of service by mail.*" (§ 664.5, subd. (a), italics added.)

[11]As the Supreme Court pointed out, in enacting section 664.5 in 1965, the Legislature for the first time imposed a mandatory duty on the part of the clerk to mail notice of entry of judgment to all parties in civil cases. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc., supra,* 15 Cal.4th at p. 58.) At that time, section 660 provided " 'the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial.' . . ." (15 Cal.4th at pp. 58-59, citation omitted.) It was not until 1969 that the Legislature amended section 660 to tie the 60-day period to notice of entry by the clerk pursuant to section 664.5. (15 Cal.4th at p. 59.)

In 1981 and 1982, the Legislature amended section 664.5 to place the burden of providing notice of entry of judgment on the party submitting an order or judgment for entry in contested actions, and also allowed the court in certain circumstances to order the clerk to give the notice. (*Van Beurden, supra,* 15 Cal.4th at pp. 59-60.) Despite these amendments and subsequent changes to other statutes and rules, however, the timing provisions on motions for a new trial (§§ 659, 660) continue to refer to the date of mailing of notice by the clerk of the court " 'pursuant to [s]ection 664.5.' " (15 Cal.4th at pp. 60-61.)

## IV

Assuming the 60-day period commenced with service of the conformed copy of the judgment, defendants argue the April 12 letter suffices as a valid grant of the new trial motions because it was signed by the judge and filed with the court. Alternatively, they maintain the letter was in "substantial compliance" with the statute. Finally, suggesting the trial judge did not advise them of the ruling until April 12 (Monday) because he was ill on April 9 (Friday), defendants urge us to carve out an equitable exception to the 60-day period on grounds it would be a miscarriage of justice to overturn the new trial order due to a technicality beyond the parties' control.

Section 660 states that "[a] motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk." Section 657 further requires that an "order passing upon and determining the motion [for new trial] must be made and entered as provided in [s]ection 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons."

The record before us reflects that the April 12 letter was not file-stamped, was not entered in the minutes, and did not state the grounds for granting a new trial. The letter does not sufficiently comply with statutory requirements to grant the new trial motions.

Defendants' authorities do not change our conclusion. The letter in *Kraft v. Lampton* (1936) 13 Cal.App.2d 596 [57 P.2d 171] (overruled in part by *Phelan v. Superior Court* (1950) 35 Cal.2d 363 [217 P.2d 951]), was void to the extent it purported to grant a new trial. In *Meskell v. Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 822 [96 Cal.Rptr. 773], the new trial motions were denied by operation of law 60 days after service of the notice of entry, and the order made on the 61st day was a "nullity" and "in excess of the jurisdiction of the court." In *Desherow v. Rhodes* (1969) 1 Cal.App.3d 733, 741 [82 Cal.Rptr. 138], in contrast to the skeletal April 12 letter here, there was "actual compliance as to all matters of substance" including preparation of a minute order, recordation of the date and substance of the order in the permanent record and delivery to the clerk.

Nor are we persuaded to carve out an equitable exception to the 60-day statutory period, assuming for the sake of argument we could do so. Nothing in the record demonstrates that defense counsel informed the court the motion would be deemed denied by operation of law absent a ruling on April

12. Further, even if the judge was ill on April 9, counsel might have attempted to appear ex parte on April 12 to advise the judge it was his last day to rule.[12]

 Finally, we do not believe the equitable relief is available. The law has long been settled that the 60-day statutory period is mandatory and jurisdictional. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc., supra,* 15 Cal.4th at pp. 56, 64; *Siegal v. Superior Court, supra,* 68 Cal.2d at p. 101; *Jones v. Sieve, supra,* 203 Cal.App.3d 359, 369.) Fairness has little to do with it. With jurisdictional deadlines, the rule, like the song, is what a difference a day makes. If the statute is to provide exceptions, the job is for the Legislature, not the courts, to carve them out.

Accordingly, the last day to rule on the new trial motions was April 12. The court's April 12 letter was insufficient to grant the new trial motions. The court's April 13 minute order and April 14 statement of reasons came after the jurisdictional period to rule had expired.

Let a writ of mandate issue directing the superior court to vacate its orders of April 13, 1999, April 14, 1999, and June 30, 1999, and enter an order consistent with this opinion. Costs are awarded to the prevailing party.

Kremer, P. J., and O'Rourke, J., concurred.

---

[12]We recognize the pragmatism in defendants' argument that a filed proof of service may effectively alert the trial court that the 60-day window will close on a date certain. However, we conclude section 660 is plain on its face and a moving party has the ability to ensure that the trial court is aware of the cutoff date and, if it intends to grant relief, meets it. For instance, here, defendants filed their notice of intention to move for a new trial eight days after being served with the judgment and appeared in court for argument a week before time expired.