Filed 2/27/23  Lachtman v. Ocean Terrace Condominium Assn. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHANE A. LACHTMAN, Plaintiff and Appellant, v. OCEAN TERRACE CONDOMINIUM ASSOCIATION et al., Defendants and Respondents. | B314580 (Los Angeles County Super. Ct. No. 19STCV14215) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Gusdorff Law and Janet Gusdorff for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Claudia Borsutzki, and Nicholas M. Gedo for Defendants and Respondents.

Plaintiff Shane Lachtman (plaintiff) was injured in an attack by one of his condominium complex neighbors and sued, among others, the complex's homeowners' association, Ocean Terrace Condominium Association (the HOA), and management company, M. Roy Nelson, Inc., doing business as Horizon Management (Management).  The HOA and Management prevailed on summary judgment based partly on the trial court's determination that they had no prior knowledge that the attacker was violent.  Within days of the summary judgment ruling, plaintiff claimed he happened upon documents not produced in discovery that suggest the HOA and Management did have such prior knowledge.  Plaintiff moved for a new trial in light of this claimed discovery, and in this appeal from the trial court's denial of that motion, we consider whether the new evidence was admissible and whether plaintiff met his burden to establish irregularity in the proceedings.

## I.  BACKGROUND

A. *The Complaint's Allegations and Summary Judgment*

Plaintiff and his girlfriend own a unit in Ocean Terrace Condominiums in Ranchos Palos Verdes.  His neighbors, Timothy Plant (Plant) and Stephanie Ross, rented a condominium from Jennifer Maria Andersen (Andersen).

Residents of the condominium complex have access to a shared hot tub.  In August 2017, plaintiff was in the hot tub with a few other people when Plant arrived with a larger group.  After plaintiff asked one of the members of Plant's party not to enter the hot tub nude, Plant and another man in the group, Erik Bachelder (Bachelder), physically attacked him.

Plaintiff's operative second amended complaint asserted claims for assault, battery, and intentional infliction of emotional distress against Plant and Bachelder and negligence and premises liability against Andersen, the HOA, and Management. The HOA and Management moved for summary judgment, arguing, among other things, that the attack was not foreseeable because there was no history of violence at the condominium complex by Plant, Bachelder, or anyone else. They emphasized that "[t]he only complaints ever made about Plant involved a noise complaint and concern over the safety of a fire pit on his deck." The HOA and Management alternatively argued that plaintiff's injuries were not caused by any act or omission on their part.

The trial court granted summary judgment for the HOA and Management based on plaintiff's failure to raise a triable issue of fact as to either duty or causation.[1] The trial court reasoned "no duty of care can be imposed upon [the moving defendants] because the alleged unprovoked criminal attack of [p]laintiff by Plant and Bachelder was not foreseeable." The evidence that Plant "had loud and raucous parties" prior to the attack on plaintiff did not "make it foreseeable that Plant or Bachelder would criminally assault and/or batter an individual," and plaintiff's contention that issuing warnings to Plant regarding these incidents would have prevented the attack was "speculation and conjecture."

---

[1]     The trial court granted a similar motion by Andersen. We dismissed plaintiff's appeal of the judgment in favor of Andersen on plaintiff's request.

*B.     Motion for New Trial*

Shortly after the trial court issued its order granting the HOA and Management's summary judgment motion, plaintiff moved for a new trial. Plaintiff sought a new trial on grounds including newly discovered evidence and irregularity in the proceedings, i.e., the HOA and Management's destruction or withholding of material evidence.

Plaintiff submitted a declaration with his new trial motion stating that, "[i]n the days following" the hearing at which the trial court granted the summary judgment motion, he "noticed" that, due to construction in the condominium complex, "many HOA documents" were stored on top of furniture in a common area and in a closet to which the door had been left "propped open." Plaintiff did not estimate the number of documents he encountered, but referred to "boxes" of documents. He claimed that he reviewed "all" of these materials and submitted two one-page documents for the trial court's review.

One of the documents was a printout of an email purportedly written by the complex's former on-site manager, Janet Garcia (Garcia), a few weeks before the attack on plaintiff. The only header information included in the printout is as follows: "On August 2, 2017, at 10:50 AM, Janet Garcia <oceanterracemgr@gmail.com> wrote[.]" There is no information regarding the recipient. Each line of the document begins with an angle bracket, but there is no other indication that the email was part of a longer chain. The body text reads, in full: "Resident complained that the Unit 109 male renter struck another pool user. Resident offered to be contacted. Please call me or let me know if you want to contact them. [¶] Thank you,

4

[¶] Janet Garcia." (Plant lived in Unit 109.) A signature block includes Garcia's contact information.

The second document is a one-page printout with the heading "MAY 2017 [¶] OT MEETING." The document includes notes regarding various complaints, ranging from the temperature of the pool to "[f]ence hurdlers" roaming the complex. One item is pertinent here: "Party yelling, glass bottles, loud music, smoking, pushing and kicking in pool and jacuzzee [sic]. Tim-Stef again. Enough!"

Neither of these documents was produced in discovery. Plaintiff suggested, however, that they were alluded to in an email chain including the HOA president and Garcia following the attack. In a discussion regarding records of "previous incidents" involving Plant, Garcia said "I have these two." No attachments were produced with this email, and there was no discussion of the content of the items to which Garcia referred.

Plaintiff also declared he was approached by Anthony Corcoran (Corcoran), Garcia's successor as on-site manager, weeks after the summary judgment hearing. According to plaintiff, Corcoran told him Garcia "had deleted numerous emails" and "important documents."

In opposition to plaintiff's new trial motion, the HOA and Management argued, among other things, that none of the new evidence was admissible. They contended the statements attributed to Corcoran were inadmissible hearsay and submitted a declaration in which Corcoran denied having made them.[2]

---

[2] Corcoran acknowledged speaking with plaintiff around the date plaintiff claimed, but "what [he] actually said to [plaintiff] was that [he] assumed that historical emails must have been

5

They further contended the Garcia email and meeting notes were not properly authenticated, lacked foundation, and included hearsay statements not subject to any exception. Indeed, they suggested the documents were fabricated.

Garcia stated in a declaration that she "did not create or write" the August 2, 2017, email, she had no knowledge of the incident referred to in the email, and she "would never have used the word 'renter' to refer to a resident of Ocean Terrace." Another Management employee, Martha Olvera, stated in a declaration that she "took all minutes for any [HOA] meeting in 2017" and she did not draft the "OT MEETING" document. She had no knowledge of the incident referred to in the document and would not have misspelled "Jacuzzi." Corcoran also stated that he never saw boxes of documents left on furniture in common areas and that the closet in which they were kept was never propped open. In reply, plaintiff submitted another declaration and attached photographs purporting to show boxes in a closet, on a pool table, and on the floor in a common area.

The trial court held a hearing on plaintiff's new trial motion on May 6, 2021. The court issued a minute order the same day indicating it had taken the matter under submission. On July 19, 2021, the court amended its previous order nunc pro tunc to deny plaintiff's motion.

The trial court sustained the HOA and Management's objections to the portion of plaintiff's declaration recounting statements by Corcoran as well as the Garcia email and meeting notes. The court ruled that a new trial was not warranted based

deleted[ ] because [he] ha[dn't] seen any and because of lack of space in the Google account."

6

on the new evidence because none of it was admissible. The court further determined that a new trial was not warranted based on irregularity in the proceedings because the evidence allegedly withheld was inadmissible.

The trial court entered judgment in favor of the HOA and Management, and plaintiff appeals.

## II. DISCUSSION

Preliminarily, plaintiff contends that because the trial court did not rule on his new trial motion within the time set forth in Code of Civil Procedure section 660, subdivision (c),[3] it was denied by operation of law. As a result, plaintiff contends the trial court's subsequent nunc pro tunc amendment of a minute order issued within the statutory deadline was unauthorized and its evidentiary rulings are not entitled to any deference. We do not decide this issue because it does not affect our analysis. Even if plaintiff is correct that the rationale stated in the amended minute order does not merit any deference, the denial of a new trial motion by operation of law is still reviewed for abuse of discretion.

The trial court did not abuse its discretion in concluding plaintiff's new evidence was inadmissible and therefore did not warrant a new trial. Plaintiff not only failed to authenticate the Garcia email and meeting notes, he presented no evidence indicating he even attempted to authenticate the materials. Assuming he discovered these documents as described in his declaration, these circumstances do not support plaintiff's

---

[3]     Undesignated statutory references that follow are to the Code of Civil Procedure.

7

assumptions as to their provenance. The statements plaintiff attributes to Corcoran are hearsay, and plaintiff's reliance on the exceptions applicable to admissions by a party and authorized admissions lacks merit.

The trial court also did not abuse its discretion in determining plaintiff did not establish procedural irregularities warranting a new trial. Although the analyses are separate, the new evidence was inadmissible to demonstrate procedural irregularities for the same reasons that it was inadmissible to demonstrate the HOA and Management's substantive liability.

### A. Legal Framework and Standard of Review

"An order granting summary judgment is properly challenged by a motion for a new trial." (*Doe v. United Airlines, Inc.* (2008) 160 Cal.App.4th 1500, 1504.) A new trial may be granted based on various statutorily enumerated grounds "materially affecting the substantial rights of [the moving] party," including newly discovered material evidence "which [the moving party] could not, with reasonable diligence, have discovered and produced at the trial" and "[i]rregularity in the proceedings of the . . . adverse party . . . by which either party was prevented from having a fair trial." (§ 657, subds. (1), (4).)

An order denying a motion for new trial will not be set aside unless there was an abuse of discretion that resulted in prejudicial error. (*City of Los Angeles v. Decker* (1977) 18 Cal.3d 860, 871-872.) "[I]n the case of an order denying a new trial following summary judgment, the determinations underlying the denial dictate our standard of review. [Citation.]" (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1176.) As pertinent here, we review the trial court's

8

evidentiary rulings for abuse of discretion. (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 852 ["According to the weight of authority, appellate courts 'review the trial court's evidentiary rulings on summary judgment for abuse of discretion'"].)

> B.     *The Timing of the Nunc Pro Tunc Order Does Not Impact Our Analysis*

Subject to exceptions not applicable here, "the power of the court to rule on a motion for a new trial shall expire 75 days after the mailing of notice of entry of judgment by the clerk of the court . . . or 75 days after service on the moving party by any party of written notice of entry of judgment, whichever is earlier, or if that notice has not been given, 75 days after the filing of the first notice of intention to move for a new trial." (§ 660, subd. (c).) If the trial court does not rule on the motion within the statutory deadline, "the effect shall be a denial of the motion without further order of the court." (§ 660, subd. (c).)

Here, plaintiff filed his notice of intention to move for a new trial on March 25, 2021, the trial court issued a minute order taking the matter under submission on May 6, 2021, and the trial court amended the May 2021 minute order to deny the motion on July 19, 2021—well over 75 days from March 25, 2021. Relying on cases in which courts belatedly purported to *grant* a new trial motion (see, e.g., *Siegal v. Superior Court of Los Angeles* (1968) 68 Cal.2d 97, 99; *Dodge v. Superior Court* (2000) 77 Cal.App.4th 513, 516), plaintiff contends the trial court lacked jurisdiction to amend the May 2021 minute order more than 75 days after it filed its notice of intention to move for a new trial. According to plaintiff, "[t]he practical effect" of the 75-day deadline for

9

purposes of this appeal is that the July 2021 nunc pro tunc order is void and the trial court's evidentiary rulings are not entitled to any deference.

Assuming without deciding plaintiff is correct that section 660, subdivision (c) precludes the trial court from stating its reasons for denying a new trial motion after 75 days, his suggestion that the trial court's evidentiary rulings are therefore subject to de novo review lacks merit. Plaintiff's characterization of the denial of a new trial motion by operation of section 660, subdivision (c) as a failure to exercise any discretion is contrary to settled law. (*Strauch v. Bieloh* (1936) 16 Cal.App.2d 278, 281 ["The discretion of the trial judge must be deemed to have been exercised in permitting the motion to be denied by lapse of time exactly the same as though that discretion were used in affirmatively passing on the motion"]; *In re Shepard's Estate* (1963) 221 Cal.App.2d 70, 75 [courts reviewing automatic denial of new trial motion consider "whether the fictious exercise of the trial court's discretion [in causing the new trial to be denied by operation of law] amounted to an abuse of that discretion"]; see also *Meskell v. Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 823 [trial court has "discretion to permit the [new trial] motion to be denied by operation of law by expiration of the [statutory] period"].)

C. *A New Trial Is Not Warranted Based on New Evidence*

To warrant a new trial under section 657, subdivision (4), newly discovered evidence must be admissible. (*Plancarte v. Guardsmark* (2004) 118 Cal.App.4th 640, 647 [affirming denial of new trial motion in part because newly discovered evidence was

10

inadmissible hearsay].)  Inadmissible evidence necessarily fails to satisfy section 657, subdivision (4)'s materiality requirement. Here, the trial court did not abuse its discretion in denying the new trial motion because the one page document purporting to reflect an email from Garcia and the asserted meeting notes were not properly authenticated and the statements attributed to Corcoran were hearsay not subject to an exception.

### 1.     *The ostensible email and meeting notes*

A writing must be authenticated before it is received in evidence.  (Evid. Code, § 1401, subd. (a).)  "Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is or (b) the establishment of such facts by any other means provided by law."  (Evid. Code, § 1400.)

The Evidence Code sets forth various means of authenticating a writing, including testimony by a person who saw the writing made (Evid. Code, § 1413); admission of authenticity by the opposing party (Evid. Code, § 1414); handwriting evidence (Evid. Code, §§ 1415-1419); evidence that the writing was received in response to a communication sent to the purported author (Evid. Code, § 1420); and evidence that the writing "refers to or states matters that are unlikely to be known to anyone other than" the purported author (Evid. Code, § 1421). These means of authenticating a writing are not exhaustive. (Evid. Code, § 1410.)  The proponent's burden is "[e]ssentially" to make a "prima facie case" that the writing is what they claim it is:  "'The fact conflicting inferences can be drawn regarding authenticity goes to the document's weight as evidence, not its

11

admissibility.' [Citation.]" (*People v. Goldsmith* (2014) 59 Cal.4th 258, 267 (*Goldsmith*).)

Plaintiff contends his declarations concerning the circumstances in which he found the email and meeting notes along with the photographs of boxes were sufficient to support a finding that they are records of the HOA and/or Management. Although the required foundation may be supplied by evidence of the location in which a writing is discovered (*Goldsmith, supra*, 59 Cal.4th at 268), the evidence offered here raises more questions than it answers. Despite a purportedly comprehensive review of multiple boxes of documents just days after the trial court's summary judgment ruling, plaintiff does not indicate which box(es) contained the email and meeting notes, he does not state whether or how their contents were organized, and he says nothing about the other documents he reviewed—in particular, plaintiff does not discuss whether he reviewed any similar or related documents.[4] Moreover, the fact that Garcia referred to two documents concerning incidents involving Plant in another email is not probative of the authenticity of *these* documents where it is undisputed there were *other* complaints regarding Plant. The two documents themselves also bear no indicia of authenticity—they appear to be documents anyone with a word processing program could create. Under these circumstances, the

---

[4] Plaintiff emphasizes that other emails produced in discovery included the same limited header information seen in the email. But these were parts of longer chains. Plaintiff does not indicate whether the box in which he allegedly discovered the email included other pages which could belong to the same email chain.

12

trial court did not abuse its discretion in concluding plaintiff's account of his fortuitous discovery was insufficient to authenticate the documents.

Plaintiff's insistence that we must view conflicting evidence in the light most favorable to him in the context of a new trial motion following a summary judgment motion has no merit. This principle applies only to admissible evidence. (*Bozzi v. Nordstrom* (2010) 186 Cal.App.4th 755, 761 ["Only *admissible* evidence is liberally construed in deciding whether there is a triable issue"].) Moreover, we do not rely—and the trial court did not rely—on the HOA or Management's evidence suggesting plaintiff fabricated the email and meeting notes in concluding plaintiff failed to meet his burden as the propounding party.

Plaintiff's further contention that he "could not possibly have come forward with more evidence of authenticity" without an opportunity for further discovery is also unsupported by the record. As we have already mentioned, his description of the boxes he discovered was short on detail. Moreover, there is no indication that he made informal attempts to confirm, for example, whether the HOA and Management reviewed these boxes in preparing their discovery responses. And despite suggesting in his reply brief that the meeting notes were not official minutes but rather "the notes and statements of a resident at Ocean Terrace," plaintiff did not describe any efforts to identify the person who prepared them. In any case, even if plaintiff were correct that it was not possible to authenticate the email or meeting notes after summary judgment, this fact would not warrant a new trial. (*Cameron v. Las Orchidias Properties, LLC* (2022) 82 Cal.App.5th 481, 501 ["'The right to a new trial is purely statutory, and a motion for a new trial can be granted only

13

on one of the grounds enumerated in the statute'"].) Plaintiff's inability to meet his burden is not a reason to relax that burden.

### 2. *The conversation with Corcoran*

Plaintiff contends the statements he attributed to Corcoran in his declaration were admissible as admissions by a party opponent. Evidence Code section 1220 provides that "[e]vidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party in either his individual or representative capacity, regardless of whether the statement was made in his individual or representative capacity." Corcoran was not a party to this action in either an individual or representative capacity, so that exception does not apply.

Plaintiff takes an alternative approach in his reply brief, arguing for the first time that Corcoran's statements were admissible as authorized admissions. (*Bowser v. Ford Motor Co.* (2022) 78 Cal.App.5th 587, 611 [statements attributed to an entity party "are not usually analyzed as party admissions under Evidence Code section 1220, but rather as authorized admissions under Evidence Code section 1222"].) Evidence Code section 1222 provides that "[e]vidence of a statement offered against a party is not made inadmissible by the hearsay rule if: [¶] (a) The statement was made by a person authorized by the party to make a statement or statements for him concerning the subject matter of the statement; and [¶] (b) The evidence is offered either after admission of evidence sufficient to sustain a finding of such authority or, in the court's discretion as to the order of proof, subject to the admission of such evidence." Plaintiff's position that Corcoran's authority to discuss the HOA and Management's

14

document preservation practices during the litigation is somehow self-evident is meritless. Plaintiff had the burden to submit evidence regarding "the nature of [Corcoran's] usual and customary authority, the nature of the statement in relation to that authority, and the particular relevance or purpose of the statement" (*O'Mary v. Mitsubishi Electronics America, Inc.* (1997) 59 Cal.App.4th 563, 570), and he did not do so. Corcoran's role as "on-site manager" is not alone sufficient to establish that he is a "high-ranking organizational agent[ ] who ha[s] actual authority to speak on behalf of" either the HOA or Management.[5] (*Snider v. Superior Court* (2003) 113 Cal.App.4th 1187, 1203.)

> ### D. A New Trial Is Not Warranted Based on Irregularity in the Proceedings

A party's improper withholding of evidence may constitute an irregularity in the proceedings warranting a new trial. (*Sherman v. Kinetic Concepts, Inc.* (1998) 67 Cal.App.4th 1152, 1155.) Regardless of whether the withheld evidence must *itself* be admissible at trial—an issue we need not decide—there must be competent evidence of irregularity in the proceedings. (*Bell v. Bayerische Motoren Werke Aktiengesellschaft* (2010) 181 Cal.App.4th 1108, 1124-1126 [reversing new trial order based in part on inadmissible evidence]; *Weathers v. Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 105 ["We recognize, as we have in the past, that evidence presented by affidavit in connection with

---

[5] Corcoran's declaration suggests he has no relationship whatsoever to Management. He is employed by a company called "Associa, the current management company for [the HOA]."

15

a motion for new trial, like oral testimony at trial, must be given from personal knowledge and cannot contain hearsay"].)

Plaintiff contends the trial court conflated the issues of admissibility at trial and admissibility for purposes of demonstrating the need for a new trial. Although these are indeed separate inquiries, the analyses overlap in this case to the extent that the showing required to authenticate the email and meeting notes as evidence of the HOA and Management's substantive liability was the same as that required to show that they withheld material documents. For either purpose, plaintiff had the burden to show these documents were records of complaints against Plant that were created or controlled by HOA or Management. As we have already discussed, the trial court did not abuse its discretion in determining plaintiff did not meet his burden. Because the statements attributed to Corcoran were also inadmissible to establish discovery misconduct, there was no competent evidence of procedural irregularities.

DISPOSITION

The judgment is affirmed.  The HOA and Management shall recover their costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.


I concur:


MOOR, J.

# *Lachtman v. Ocean Terrace Condominium Association et al.*
## *B314580*


DISSENT – RUBIN, P. J.


I respectfully dissent. In my view, the August 2, 2017 email was sufficiently authenticated for the purpose of ruling on the new trial motion because of where it was located when found by plaintiff – on furniture in a common area of the condominium – with a number of other documents that were apparently placed there during construction. Nor were the documents hearsay, for two reasons. One, they were offered not for the truth of the matter but instead for where they were found on the HOA premises and that they had not been produced during discovery. Two, they were also offered for the nonhearsay purpose of notice to the HOA of alleged dangerous propensities of the neighbor.

Accordingly, I would reverse the order denying the motion for new trial and direct the trial court to permit additional discovery pending a renewed for motion for summary judgment or other proceedings.


RUBIN, P. J.